426 So.2d 738 (1983)
STATE of Louisiana
v.
Irma Mae SMITH.
No. CR82-490.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Charles L. Scott and Edward Larvadain, Larvadain & Scott, Alexandria, for appellant.
Robert Levy and Cammille Giordano, Asst. Dist. Attys., Alexandria, for appellee.
Before GUIDRY, CUTRER and LABORDE, JJ.
GUIDRY, Judge.
The appellant, Irma Mae Smith, was convicted on one count of theft of property having a value in excess of five hundred dollars and one count of theft of property having a value in excess of one hundred dollars but less than five hundred dollars, both in violation of LSA-R.S. 14:67. The trial judge sentenced her to serve concurrent prison terms of five years and two years at hard labor. The appellant asserts that (1) the sentences imposed are excessive and violative of the Louisiana Constitution; and, (2) the trial judge failed to adequately *739 state the reasons for imposing the sentences as required by LSA-C.Cr.P. Art. 894.1.
Defendant, the unmarried mother of six children born out of wedlock, was convicted of wrongfully receiving $4,682.00 in welfare benefits and $161.00 in food stamps over a two year period. The state's evidence showed that defendant made wilful misrepresentations to her social workers concerning her eligibility for aid to families with dependent children (AFDC) and food stamps. On three occasions, in applying for AFDC benefits, she reported that the natural father of her children, Frank Warren, Jr., took no interest in the children and did not contribute in any manner to their support. Eligibility for AFDC benefits is dependent upon the deprivation of parental support through the continuous absence or incapacity of at least one parent. The continuous absence must be of a nature as to "either interrupt or terminate the parent's functioning as a provider of maintenance, physical care or guidance for the child". Each time the defendant applied for AFDC benefits, she was informed of her duty to give accurate information and to immediately report changes in her personal or financial condition.
Evidence produced at trial showed that Frank Warren, Jr. did in fact take an active role in the raising of the children. He was present in the defendant's home on most weekends, and occasionally during the week. He provided money for rent, utilities, and clothing for the children. It was clearly shown that there was no "parental deprivation" present so as to make the defendant eligible for AFDC benefits, and that the defendant was aware of this when she made these misrepresentations to the Office of Family Security.
Eligibility for food stamps is based for the most part on household income. In applying for food stamps, the defendant failed to report that she periodically received money from her boyfriend as well as from Frank Warren, Jr. She also failed to report that a member of her household was earning a paycheck. She also reported that she owned no automobiles, although she in fact owned a 1972 Cadillac. The defendant would have been entitled to food stamps had she been truthful in her application, but the amount would have been less. Testimony showed that the amount she would have been entitled to had she been truthful was $161.00 less than the amount she actually received.
The defendant contends that the sentences imposed by the trial court are excessive and violative of Art. 1, § 20 of the Louisiana Constitution of 1974. She also contends that the trial judge failed to comply with LSA-C.Cr.P. Art. 894.1, which provides guidelines to be followed by the trial judge in imposing sentence. Our careful review of the record convinces us that it is necessary to remand this case to the trial court for resentencing in compliance with LSA-C.Cr.P. Art. 894.1. Because resentencing is necessary, we do not reach the issue of excessiveness of the sentence imposed.
LSA-C.Cr.P. Art. 894.1 lists aggravating and mitigating factors to be considered by the trial judge in imposing sentence. Subsection (C) of the article provides: "The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." While the judge need not articulate every aggravating and mitigating circumstance, the record must adequately reflect that he considered these guidelines in particularizing the sentence to the defendant. State v. Ray, 423 So.2d 1116 (La.1982); State v. Duncan, 420 So.2d 1105 (La.1982). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. State v. Franks, 373 So.2d 1307 (La.1979); State v. Ray, supra.
In imposing sentence upon the defendant, the trial judge took note of her extensive criminal record and the fact that her offenses were an affront not only to those persons truly in need but also to the taxpayers of the state and the nation who finance the programs defrauded by the defendant. He also observed the defendant's apparent lack of remorse for her crimes, *740 evidenced by her displaying a "Welfare Cadillac" license plate on her 1972 Cadillac. While these factors may bear on the appropriateness of a sentence, they are not the considerations which are required to be stated in the record by LSA-C.Cr.P. Art. 894.1.
Although the reasons stated by the trial judge may provide factual support for a finding of one or more of the aggravating circumstances, the trial judge failed to state what those aggravating circumstances were, as required by the statute. In addition, the trial judge's reasons for imposing sentence give no indication that he considered any circumstances which would mitigate against the imposition of a prison sentence. The record must reflect that mitigating as well as aggravating circumstances have been considered, even if the mitigating circumstances are minimal. State v. Duncan, supra; State v. Ray, supra.
For the above and foregoing reasons, the sentence imposed by the trial court is vacated, and the case is remanded for resentencing in accordance with the views expressed herein.
REMANDED FOR RESENTENCING.