GUIDRY, Judge.
The defendant was convicted of one count of theft of property having a value in excess of one hundred dollars but less than five hundred dollars, and one count of theft of property having a value greater than five hundred dollars, both in violation of LSA-R.S. 14:67. The trial judge sentenced the defendant to prison terms of two years and five years at hard labor, respectively, such sentences to run concurrently. On appeal, we found that the trial judge failed to adequately articulate the reasons for the sentence as required by LSA-C.Cr.P. Art. 894.1. We remanded for resentencing, pre- *157 termitting the issue of excessiveness of the sentence imposed. State v. Smith, 426 So.2d 738 (La.App. 3rd Cir.1983).
On remand, the trial court imposed the same sentence, i.e., concurrent terms of two and five years, and issued additional reasons for imposing sentence. The sole issue on appeal is whether the sentences imposed are excessive.
FACTS
The facts necessary to a resolution of the issue presented are stated in our previous opinion rendered in this matter, from which we quote:

“Defendant, the unmarried mother of six children born out of wedlock, was convicted of wrongfully receiving $4,682.00 in welfare benefits and $161.00 in food stamps over a two year period. The state’s evidence showed that defendant made wilful misrepresentations to her social workers concerning her eligibility for aid to families with dependent children (AFDC) and food stamps. On three occasions, in applying for AFDC benefits, she reported that the natural father of her children, Frank Warren, Jr., took no interest in the children and did not contribute in any manner to their support. Eligibility for AFDC benefits is dependent upon the deprivation of parental support through the continuous absence or incapacity of at least one parent. The continuous absence must be of a nature as to ‘either interrupt or terminate the parent’s functioning as a provider of maintenance, physical care or guidance for the child. ’ Each time the defendant applied for AFDC benefits, she was informed of her duty to give accurate information and to immediately report changes in her personal or financial condition.

Evidence produced at trial showed that Frank Warren, Jr. did in fact take an active role in the raising of the children. He was present in the defendant’s home on most weekends, and occasionally during the week. He provided money for rent, utilities, and clothing for the children. It was clearly shown that there was no ‘parental deprivation’ present so as to make the defendant eligible for AFDC benefits, and that the defendant was aware of this when she made these misrepresentations to the Office of Family Security.

Eligibility for food stamps is based for the most part on household income. In applying for food stamps, the defendant failed to report that she periodically received money from her boyfriend as well as from Frank Warren, Jr. She also failed to report that a member of her household was earning a paycheck. She also reported that she owned no automobiles, although she in fact owned a 1972 Cadillac. The defendant would have been entitled to food stamps had she been truthful in her application, but the amount would have been less. Testimony showed that the amount she would have been entitled to had she been truthful' was $161.00 less than the amount she actually received. ”

REVIEW OF SENTENCE IMPOSED
The defendant contends that the sentences imposed by the trial judge are excessive and violative of Art. 1 § 20 of the Louisiana Constitution of 1974, which provides in pertinent part: “No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.” (Emphasis added). A sentence is excessive and unconstitutional if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goode, 380 So.2d 1361 (La.1980); State v. Bonanno, 384 So.2d 355 (La.1980). To determine whether the penalty is grossly disproportionate to the crime, we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock *158 our sense of justice. State v. Beavers, 382 So.2d 943 (La.1980); State v. Bonanno, supra.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive absent a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982). However, it is also clear that a sentence that is well within the statutory maximum may be excessive under certain circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979).
The maximum sentence for theft of property having a value of $500.00 or more is ten years at hard labor and a $3,000.00 fine. The maximum sentence for theft of property having a value greater than $100.00 but less than $500.00 is two years at hard labor and a $2,500.00 fine. LSA-R.S. 14:67. The defendant received concurrent sentences of two years on the food stamp offense and five years on the AFDC offense. Thus, both were within the maximum set by statute. For the reasons which follow, we find that the sentence imposed by the trial judge was not a manifest abuse of discretion.
Prior to sentencing the defendant, the trial judge ordered a pre-sentence investigation. The resulting report contains several recommendations concerning the sentencing of the defendant. Ronald Rider is a juvenile probation officer with the Department of Health and Human Resources. He worked with the defendant in his capacity as probation officer for three of her children. It was his opinion that the defendant not only supplied inadequate supervision to her children, but she also contributed to their delinquency. He felt that the needs of her children would be best served by placing them in another home. Lester Mallette, an investigator for the Office of Family Security, recommended that the defendant be sentenced to the maximum term allowable. He stated that while his office ordinarily hesitates to recommend actual time in prison, he found no circumstances to justify leniency in the case of the defendant. He also felt that the interests of her children would be best served by placing them with someone other than the defendant.
The defendant has an extensive criminal record which includes two arrests for shoplifting, one in 1965 and another in 1977, an arrest in 1981 for aggravated battery, an arrest in 1981 for receiving stolen things, simple battery, and resisting a police officer, and another arrest in 1981 for simple burglary and contributing to the delinquency of a juvenile. In connection with these offenses, she has paid fines and has been placed on probation but has not been sentenced to serve a prison or jail term.
In light of the report of the pre-sentence investigation and the fact that fines and probation have failed to deter the defendant from further criminal conduct, we find that the concurrent sentences of two years and five years are not an abuse of the trial court’s wide discretion. State v. Aberc-rumbia, supra. The only argument offered by the defendant in favor of leniency is that her family will be decimated by her prison term. On the contrary, the record indicates that the interests of her children may be best served by placing them in other homes and providing them with better supervision than that provided by the defendant.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
• AFFIRMED.