MARVIN, Judge.
After being indicted for second degree murder and pleading guilty to manslaughter, defendant appeals his sentence to the maximum 21 years at hard labor, contending that the sentence is excessive and that the trial judge did not properly articulate the mitigating circumstances of CCrP Art. 894.1. We affirm.
After ending a drinking spree at an all night tavern, defendant and his friends returned to an apartment building where they had begun, and continued drinking outside. The victim suddenly grabbed and drank a cup of whiskey defendant had been holding. Defendant slapped the victim twice, pulled his knife, and stabbed the victim, fatally injuring him. The victim did not threaten or attack the defendant and did not have a weapon.
The defendant argues that his 21-year sentence is constitutionally excessive. LSA-Const. Art. 1, § 20.
A trial judge has wide discretion in fixing a sentence which will not be disturbed absent an abuse of that discretion. State v. Square, 433 So.2d 104 (La.1983).
Generally, a maximum sentence can be imposed only for the most serious violation of the offense and the worst type of offender. This principle is not applied where the offense to which defendant pleads does not adequately describe the defendant’s conduct. State v. Lanclos, 419 So.2d 475 (La.1982). This exception is particularly recognized when a significant reduction in potential exposure to confinement has been obtained through plea bargaining and the offense is a crime of violence. State v. Richardson, 446 So.2d 820 (La.App.2d Cir.1984).
Here defendant was shown great leniency through the plea bargain. The trial court also noted at the sentencing hearing that a lesser than maximum sentence would reduce or deprecate the seriousness of the offense. The victim was only 29 years old. Defendant was 23 years old.
The defendant contends that manslaughter adequately describes his conduct and that a conviction of second degree murder would not have been upheld because he was too intoxicated to have the specific intent to kill or inflict great bodily harm, an element of second degree murder. LRS 14:30.1.
Specific intent may be inferred from the circumstances of the transaction. LRS 15:445; 14:10(1). Defendant pulled the knife out of his pocket, unfolded the blade, and then stabbed the victim. This conduct shows deliberation and indicates to a reasonable mind that defendant actively desired either death or great bodily harm to follow or result from that conduct. LRS 14:10(1). The record does not indicate how much alcohol defendant drank or his tolerance for alcohol. The PSI report showed defendant to have been a heavy drinker.
*402 A rational trier of fact could have found the essential elements of second degree murder beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence. We cannot agree that the offense of manslaughter adequately describes the defendant’s conduct. The trial judge did not abuse his discretion in imposing the 21-year sentence.
The defendant lastly argues that the trial court failed to consider the mitigating circumstances of CCrP Art. 894.1. We note that the trial judge need not enumerate every mitigating circumstance as long as the record reflects that there is an adequate basis for the sentence. State v. Sims, 410 So.2d 1082 (La.1982).
The defendant was guilty of conduct described as second degree murder. The trial court considered that leniency had already been extended to the defendant by the plea bargain and that there was an undue risk that the defendant would commit other criminal acts. Defendant had been convicted of theft and of attempted simple burglary in 1983. He was on probation for the burglary charge with a five-year suspended sentence. This record supports and justifies the sentence which we AFFIRM.