MARVIN, Judge.
After being charged with pornography involving a juvenile (LRS 14:81.1) and copping a plea of guilty to indecent behavior with a juvenile (LRS 14:81), Sanderson appeals his sentence to the maximum five years imprisonment at hard labor. Sander-son contends the sentence is unconstitutionally excessive and is not supported by the statutory guidelines. LSA-Const. Art. 1, § 20; CCrP Art. 894.1. We affirm.
The record shows that on or about August 29, 1983, Sanderson took two photographs of the genitalia of a nude 14-year-old boy in the boy’s bedroom. One photograph shows the juvenile masturbating. Sanderson was then a minister at a protestant church in Vivian. Sanderson claims that he took the picture for therapeutic reasons because he wanted to observe the boy’s reaction to the picture taking. The photographs were discovered by Sander-son’s wife, who, without authorization, found them at the church in a small lock box, after which she hid them and gave them to the victim’s parents approximately 10 months later when she and her husband were embroiled in marital difficulty.
The pre-sentence investigation report reveals prior illicit activity between Sander-son and the juvenile victim. The juvenile stated that on many occasions, Sanderson would bring X-rated movies and Playboy-type magazines to the church and show them to the juvenile, his brother, and two minor girls. On one occasion, Sanderson tried to talk the juvenile into having sexual intercourse with a female minor.
*1121 The juvenile victim’s mother stated that Sanderson had written “love letters” to the victim and had even inquired about adopting the victim.
Sanderson claims that his sentence is excessive in light of several mitigating factors discussed by the trial court, the psychiatric reports, and “unsubstantiated” facts in the PSI.
The trial court considered testimony from Sanderson that contradicted parts of the PSI and obtained a supplemental PSI before sentencing.
A sentence will not be set aside absent a showing of an abuse of the trial court’s wide discretion. State v. Square, 433 So.2d 104 (La.1983). CCrP Art. 894.1 provides criteria which a trial court must consider when sentencing a defendant. Every factor need not be specifically articulated as long as the record reflects an adequate statutory basis for the sentence. State v. Sims, 410 So.2d 1082 (La.1982). This record reflects compliance with Art. 894.1.
The trial court found that defendant needed correctional treatment in a custodial environment which could best be provided by the Louisiana Department of Corrections, and that a lesser sentence would deprecate the seriousness of defendant’s crime. The court also noted a risk that defendant might commit another offense during a suspended sentence or term of probation.
The court also found that:
(1) defendant’s conduct caused serious harm to the juvenile and to the community;
(2) although defendant did not intend serious harm, he engaged in this conduct without regard to the possible effect on the juvenile and his family;
(3) there was no strong provocation for defendant’s actions;
(4) the circumstances surrounding defendant’s upbringing, as related by defendant’s psychiatrist, were not sufficient to justify defendant’s conduct;
(5) the juvenile may have facilitated the offense;
(6) there is no possibility of compensation for defendant’s actions;
(7) defendant had no prior history of criminal activity;
(8) the circumstances of defendant’s conduct were likely to recur;
(9) defendant would respond favorably to probationary treatment at a future time; and
(10) imprisonment of defendant would entail some hardship on his 11-year-old child.
Some 894.1 factors were resolved in defendant’s favor, but the trial court found upon weighing the factors the five-year sentence was justified. We cannot find an abuse of discretion.
Generally, a maximum sentence may be imposed only for the most serious violation of an offense by the worst type of offender. However, this principle does not apply where the offense does not adequately describe defendant’s conduct. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Darby, 476 So.2d 400 (La.App. 2d Cir.1985).
Sanderson was originally charged with pornography involving juveniles, which carries a maximum of 10 years at hard labor without benefit of parole, probation, or suspension of sentence. By pleading guilty to the reduced charge of indecent behavior with juveniles, Sanderson reduced his maximum exposure to five years imprisonment with benefit of parole, probation, or suspension of sentence. Sanderson was shown great leniency in the plea bargain. The crime of pornography involving juveniles more adequately describes Sander-son’s conduct.
AFFIRMED.