GARRISON, Judge.
Defendant was indicted by the Orleans Parish Grand Jury for the second degree murder of his adult daughter, Gwendolyn Travis. After trial, the jury found the defendant guilty of manslaughter. The trial court sentenced defendant to 21 years at hard labor for manslaughter and 2 years at hard labor to run consecutively and without benefit of parole, probation, or suspension of sentence for possession of a firearm during the commission of this crime under R.S. 14:95.2.
On appeal, defendant raises only one specification of error, namely that “(t)he trial court erred in imposing an excessive sentence.”[1]
In State v. Quraan, 487 So.2d 540 (La.App.4th Cir.1986) this court held that the enhanced penalty provision under R.S. 14:95.2 may not be used unless the defendant was so charged in the indictment or information. In the instant case, the defendant was not so charged. Accordingly, this sentence is illegal and should therefore be annulled, vacated, and set aside.
Turning to the 21 year sentence issue, it does not appear to be excessive in light of existing caselaw. In State v. Santee, 464 So.2d 922 (La.App.4th, 1985) Jerry Santee received 21 years for manslaughter of Glen Francoise. Santee and Francoise were driving in Francoise’s car. They arrived at a residence at 2632 Dumaine Street. The men were arguing when the vehicle first arrived and continued arguing as they entered the house. A witness within the house heard the argument continue within. Shortly thereafter, Francoise exited the house, obtained a light for his cigarette, and started walking back toward the house. Santee came out of the house, fired one shot into Francoise’s chest, fired a second shot, and ran back inside the house. This court found that 21 years were not excessive.
It is further apparent that the sentencing judge considered both aggravating and mitigating factors under C.Cr.P. Art. 894.1 in determining defendant’s sentence:
“This defendant was found guilty of the crime of manslaughter in the death of his daughter. He shot his daughter to death in a sweat [sic] shop that he operated. I am informed that the defendant’s testimony — excuse me, the testimony of the defendant’s son at trial indicated that violence was a way of life in her home, that this man constantly threatened his children with a gun as they grew up. I’m aware that this defendant has a prior conviction for the crime of indecent behavior with a juvenile. I am told that that indecent behavior involved his own grandchild. Now he is before the court for sentencing for the death of his own child at this [sic] own hands.
I am informed that this defendant was trying to get his daughter to dance with him; she refused to dance with him, he called her a bitch, he pushed her, he said, ‘I’ll show all you bitches,’ he went for a gun and he fired it at her and killed her.
The defendant has a series of arrests dating back to 1952 for theft, concealed weapons, aggravated battery, aggravated assault, aggravated assault, aggravated assault, disturbing the peace, an aggravated rape charge that was reduced to indecent behavior with a juvenile, *1261 wherein the defendant pled guilty and received a two year suspended sentence and five years active probation. The last charge before then was the charge before this court today. It initially was a second degree murder charge. The defendant was found guilty of manslaughter by the jury in this case.
Mr. Bean, in compliance with Article 894.1 of the Code of Criminal Procedure in reviewing any possible mitigating circumstances that might be in your benefit, I find that none exist. I do not find that your conduct neither caused nor threatened serious harm because to anything less than it caused the most serious harm would be an understatement; you caused the death of your own child.
I do not in any way find that your conduct would cause or threaten serious harm or that you have failed to do so. I find that you have not acted under strong provocation. I’m informed that your daughter merely indicated she didn’t want to dance with you. I find that there are no substantial grounds tending to excuse or justify your conduct though failing to establish your defense. I find that the victim of this criminal activity neither induced nor facilitated its committment. The court finds that you in no way could compensate or will compensate the victim for this criminal act that’s been perpetrated upon this lady, your own daughter. I find that you do have a history of prior delinquency and criminal activity and it appears that you perpetrate the crimes upon your own family, indecent behavior with your own granddaughter, manslaughter of your own daughter. I do not find in any way that your character and attitude indicate that you would be unlikely to commit another crime. The crime against your little granddaughter occurred less than six years ago. You were on active probation through November of 1983. I do not find that in any way your imprisonment would entail excessive hardship to yourself or your dependents. If there ever is a situation where you ought to be removed from your dependents it’s this case. You have now killed one of them and you have perpetrated a most heinous and atrocious crime on the other one; one your little granddaughter, and one your relatively young daughter. I find that there’s an undue risk that during any period of a suspended sentence of probation you would continue to commit further crimes. I find that you are in need, of a correctional situation, custodial environment that could be provided most effectively by your committment to an institution. I find that any lesser sentence than the court will now impose will deprecate the seriousness of your crime.” (Tr. of 10-9-84, pgs. 2-5).
Accordingly, the manslaughter sentence is not excessive and should be affirmed.
For the reasons discussed, the manslaughter sentence is affirmed and the firearm use sentence is vacated, annulled and set aside.
AFFIRMED IN PART; ANNULLED IN PART.

. Defendant’s brief, p. 3.