529 So.2d 78 (1988)
STATE of Louisiana, PlaintiffAppellee,
v.
Louie Fred HARRISON, DefendantAppellant.
No. CR87-1255.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Herman Lawson, Joseph D. Toups, Jr., Mansfield, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
The above numbered and entitled appeal was consolidated with an appeal entitled State v. Hughes, 529 So.2d 82 (La.App. 3rd Cir.1988). Both appeals arise out of the same incident. We will decide all issues presented in both appeals in this opinion but will render a separate decree in the companion appeal.
*79 The facts show that defendants, Louie Fred Harrison, Jr. and Lisa Harrison Hughes, stopped off at the residence of the victim, James (Hompey) Aaron, to visit him. After talking and drinking beer with the victim for a long period of time, defendants contend that he was shot in the head with a .38 caliber gun by Marty Martinez, a third person present in the house. Louie Harrison stated that his sister, Lisa Hughes, removed Aaron's wallet from his body. Lisa stated that her brother Louie removed the wallet from Aaron's body. The two co-defendants and Martinez then removed all of the beer cans from the premises, wiped their fingerprints from the refrigerator, took an assortment of firearms belonging to the victim, and left for Texas. The two co-defendants were apprehended in Texas months later, waived extradition, and returned to Louisiana.
Defendants were charged by grand jury indictment with first degree murder in violation of La.R.S. 14:30 and armed robbery in violation of La.R.S. 14:64. Defendants pleaded not guilty to these two charges and later, with the state's consent, withdrew their pleas of not guilty and entered guilty pleas to manslaughter. Following the acceptance of the guilty pleas, the district court sentenced each to serve twenty-one (21) years in prison at hard labor.
ASSIGNMENTS OF ERROR NUMBERS 1 and 2:
In the first assignment of error, defendants urge that the trial judge erred in failing to properly apply the sentencing guidelines of La.C.Cr.P. art. 894.1. In the second assignment of error, defendants urge that the trial judge erred by not stating the factual basis for the sentence imposed as required by La.C.Cr.P. art. 894.1. Because these two assignments of error both deal with the application of La.C.Cr.P. art. 894.1, they will be dealt with simultaneously.
In deciding the issue of whether La.C.Cr. P. art. 894.1 has been complied with, several well established principles should be considered. First, La.C.Cr.P. art. 894.1 requires the trial judge to "...state for the record the considerations taken into account and the factual basis therefor in imposing sentence." Second, it is not necessary for the trial court to articulate every factor presented in La.C.Cr.P. art. 894.1, but the record must reflect that the trial court adequately considered all the factors in particularizing the sentence to the defendant. State v. Cottingin, 476 So.2d 1184 (La.App. 3rd Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3rd Cir. 1986). Third, the trial judge should indicate that he considered not only the factors supporting incarceration, but also any factor mitigating against imprisonment. State v. Smith, 426 So.2d 738 (La.App. 3rd Cir.1983), appeal after remand, 445 So.2d 156 (La.App. 3rd Cir.1984). Fourth, some important elements to consider in particularizing the sentence to defendant are "...the convict's personal history (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense, and the likelihood of recidivism or rehabilitation...." State v. Soco, 441 So. 2d 719 (La.1983). Finally, "failure to adequately comply with art. 894.1 does not necessitate vacating the sentence or warrant remand for resentencing if the record illumines and supports the sentencing choice." State v. Jones, 478 So.2d 764 (La.App. 3rd Cir.1985).
An application of the above cited principles to the instant situation leads us to the conclusion that the trial judge adequately complied with article 894.1 and stated a factual basis for the imposed sentence. Given the nature of the acts of defendants, i.e, the killing of a human being apparently during an armed robbery, the trial judge felt subparts 2 and 3 of paragraph A of La.C.Cr.P. art. 894.1 were applicable and considered them. Subpart 2 is that "... defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution...." Art. 894.1 subpart 3 states "A lesser sentence will deprecate the seriousness of the defendant's crime." art. 894.1. Thus, the imposition of a prison sentence was appropriate. Having concluded the imposition of a prison sentence was appropriate, the court then turned to *80 an application of the factors to determine whether to suspend or probate the sentences. Out of the first six factors in paragraph B, the court concluded none were applicable to the instant cases. Factor seven is defendants' history of prior delinquency or criminal activity or lack thereof. In applying this factor the court noted defendants' ages (Lisa21; Louie 22) and the fact that both were previously arrested in Texas. The arrests occurred in 1985 and the offenses were robbery. Subsequently the charges against both defendants were dismissed.
The presentence report prepared on Lisa Harrison Hughes confirms that the robbery charge in 1985 is the extent of her criminal record excluding the instant offenses. Similarly, the presentence report prepared on Louie Fred Harrison confirms that the 1985 robbery charge was the only offense committed previous to the instant offenses. The presentence report on Louie indicates other charges occurring after the commission of the instant offenses, however, art. 894.1 appears only to be concerned with previous criminal activity.
Continuing with the court's application of the factors in paragraph B of art. 894.1, the court felt that the mitigating factors in (8) through (10) did not apply in the instant cases. With respect to factor (11), the court considered that although married, Louie Harrison has no children and that he and his wife reside with his wife's parents. Louie Harrison only worked for a brief period of time as a carpenter in January and April of 1987. Given his unsteady work history, the fact that he has no children to support, and that he and his wife reside with her parents, the trial judge concluded that imprisoning Louie Harrison would not entail excessive hardship to anyone.
In deciding whether the imprisonment of Lisa Hughes would entail excessive hardship to her or her dependents, the court considered several factors. First, like that of her brother, Lisa's employment history indicates sporadic employment. In 1985, at the time of her arrest, Lisa was working as a dancer at the Lots of Luck Lounge in Houston, Texas. The pre-sentence report indicates she was employed in 1987 by Billy Gilmore in Cleveland, Texas earning $5.00 per hour. Additionally, Lisa Hughes was married in 1980 but separated from her husband shortly thereafter. Of the union between Lisa and Eddie Hughes, one child, Nathan, was born. Although defendant has a child, the court concluded that no excessive hardship would be suffered by anyone because defendant had been living with her mother who, at age 44, is young enough to care for defendant's child should defendant be imprisoned.
The record in both cases reflects that the trial judge considered all of the factors in art. 894.1, those mitigating against imprisonment and those supporting incarceration. A factual basis for each sentence is contained in the record as the trial judge considered defendants' personal history (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense and likelihood of rehabilitation. Therefore, we conclude that assignments of error numbers 1 and 2 are without merit.
ASSIGNMENT OF ERROR NUMBER 3:
By this assignment of error defendants contend their sentences of 21 years on manslaughter charges are excessive. In 1974 article 1, section 20 of the Louisiana Constitution was amended to prohibit excessive punishment as well as cruel and unusual punishment. On appeal a defendant may raise the issue of excessive sentence even though his sentence is within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
An excessive sentence is one which "...(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." State v. Telsee, 425 So.2d 1251 (La.1983). In reviewing an excessive sentence claim, the appellate court should look to the reasons articulated by the trial judge for assistance in determining whether a sentence is excessive.
*81 State v. Bourgeois, 406 So.2d 550 (La. 1981).
An appellate court, when reviewing an excessive sentence claim, must be mindful of the fact that wide discretion is granted to trial judges in the imposition of sentences within statutory limits and a sentence will not be set aside as excessive absent manifest abuse of discretion. State v. Meshell, 473 So.2d 935 (La.App. 3rd Cir. 1985). Moreover, the imposition of a maximum sentence should be reserved for cases involving the most serious offense and the worst kind of offender. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983).
The initial focus in reviewing an excessive sentence claim should be on the nature of the offense and the offender. At this stage of the analysis, a review of the trial court's application of the factors enumerated in art. 894.1 is helpful. Although important points will be reiterated, a full discussion of the court's application of art. 894.1 is provided in the analysis of assignments of error numbers 1 and 2.
Because of the serious nature of the offense, the court concluded defendants were in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the crime. Except for one previous offense, a robbery charge in Texas which was dismissed, defendants' previous criminal records were clear. Although recognizing the absence of a previous criminal record must be considered, the trial judge concluded this factor did not weigh much in defendants' favor given the nature of the instant offense. Finally, for the reasons stated in the discussion of assignments of error numbers 1 and 2, the court concluded no excessive hardship would be suffered by defendants or their dependents should defendants be imprisoned.
In addition to looking at the nature of the offense and the offender in analyzing an excessive claim, a court may compare the sentence imposed with sentences received by other defendants convicted of similar crimes. State v. Telsee, supra. In State v. Darby, 476 So.2d 400 (La.App. 2nd Cir.1985) the defendant was charged with second degree murder but was allowed to plead guilty to manslaughter for which he received the maximum sentence, 21 years. On appeal, he complained that his sentence was excessive. In Darby, supra, the facts show that following a night of drinking, defendant and his friends went to an apartment building where they continued to drink. After the victim grabbed a cup of whiskey from defendant's hand and drank it, defendant slapped the victim, pulled out a knife, and fatally stabbed him. Because defendant greatly reduced his punishment exposure by pleading guilty to manslaughter and that crime did not adequately describe his conduct, the court concluded the trial judge did not abuse his discretion in imposing defendant's sentence. Darby, supra.
A second comparison case is State v. Bean, 492 So.2d 1259 (La.App. 4th Cir. 1986). In Bean, supra, the defendant was charged with the second degree murder of his daughter. Following a jury verdict of guilty of manslaughter, defendant was sentenced to 21 years at hard labor. The sole assignment of error on appeal urged that the sentence imposed on defendant was excessive. After citing a comparison case in which the defendant had received a 21 year sentence for manslaughter and noting that the trial judge considered mitigating and aggravating circumstances, the court concluded the sentence was not excessive.
A final factor worth considering when determining whether defendants' sentences are excessive is the benefit that defendants received by pleading guilty to manslaughter. Defendants were charged with first degree murder and armed robbery. However, they were allowed to plead guilty to the lesser included offense of manslaughter and the state agreed to drop the armed robbery charge. Under La.R.S. 14:30 defendants faced the possibility of the death sentence or life imprisonment for the first degree murder charge. On the armed robbery charge, defendants could have been sentenced to not less than five years and not more than ninety-nine years. La.R.S. 14:64. By pleading guilty to manslaughter, defendants significantly reduced their punishment exposure.
*82 In State v. Lanclos, 419 So.2d 475 (La.1982) the Supreme Court stated:
"...where the offense to which the defendant pled guilty inadequately describes his conduct, we find no abuse of the trial court's great discretion in imposing the maximum sentence possible for the crime to which the guilty plea is entered. This is particularly true where a significant reduction in potential exposure to imprisonment has been obtained through plea bargaining, and the offense involves violence to the victim."
The language of Lanclos, supra, is applicable to the instant case. Both defendants gave similar statements relating the following facts. Defendants and Marty Martinez were drinking at James "Hompey" Aaron's house. The victim gave defendants and Martinez, a third person present, money to buy more beer so the three left to purchase the beer. Defendants testified that after returning from purchasing the beer, Martinez pulled out a gun and shot the victim in the head at close range. Various guns and the victim's wallet were then taken from the victim's house. Each defendant stated the other took the victim's wallet from his person. Thus, the offense of manslaughter does not adequately describe defendants' conduct which resulted in the victim's death.
After considering the nature of the offense, the comparison cases, and the benefit defendants received through plea bargaining, we conclude that the sentences imposed are not excessive.
Accordingly, for the foregoing reasons, the convictions and sentences of defendants by the lower court are affirmed.
AFFIRMED.