GUIDRY, Judge.
Defendant, Jimmy Leroy See, was charged with the crime of armed robbery, in violation of La.R.S. 14:64, our docket number Cr84-357. Defendant was also charged by a separate bill of information with the crime of attempted second degree murder, in violation of La.R.S. 14:27 and La.R.S. 14.30.1, our docket number Cr84-358. These matters were consolidated at the trial level. We have chosen this case for our opinion, but render a separate judgment in the consolidated matter of State v. See, 462 So.2d 1373 (La.App. 3rd Cir.1985).
Defendant plead not guilty to both the armed robbery charge and the attempted second degree murder charge. On September 19, 1983, defendant changed his plea to guilty on the charge of attempted second degree murder. In accordance with a plea bargain agreement entered into between defendant and the State, the information charging defendant with the crime of armed robbery was amended to charge defendant with the crime of aggravated burglary (La.R.S. 14:60). Thereafter, defendant plead guilty to the amended information. *1371 After defendant was thoroughly Boykin-ized, the trial court accepted his guilty pleas and ordered a pre-sentence investigation.
On March 1, 1984, defendant was sentenced to twelve years at hard labor for the offense of aggravated burglary and to forty years at hard labor, without benefit of parole, probation or suspension of sentence, for the offense of attempted second degree murder. The sentences were ordered to run concurrently.
Defendant appealed designating three assignments of error, viz:
1. The trial court erred in failing to properly apply the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1.
2. The trial court erred in failing to state for the record the considerations taken into account and the factual basis therefore, in imposing sentence on defendant, as required by La.C.Cr.P. Art. 894.1(e).
3. The trial court erred in imposing an excessive and arbitrary sentence.
ASSIGNMENTS OF ERROR 1, 2 AND 3
The defendant contends that the sentences imposed by the trial court are excessive and violative of Art. 1, § 20 of the Louisiana Constitution of 1974. He also contends that the trial judge failed to comply with La.C.Cr.P. Art. 894.1, which provides guidelines to be followed by the trial judge in imposing sentence. We find no merit to the assignments of error and affirm.
The facts surrounding the crimes are set out in the trial judge’s written reasons for judgment as follows:
“The facts of the case are that on or. about June 29, 1983, Defendant-See and Roger Clayton Price went to the home of Mr. Honer (sic) Henderson, an 83 year old white man, who lived alone in (sic) home in Converse, Sabine Parish, Louisiana, for the purpose of stealing his automobile. Before approaching the residence of Mr. Henderson Defendant-See handed his pocket knife to Roger Clayton Price. Defendant-See and Price went to the front door of the home and Defendant-See knocked on the front door, and, when Mr. Henderson came to the door, asked for a drink of water. Mr. Henderson obtained a glass, and opened the front door to hand him the drinking glass, and pointed to an outside water faucet, at which time Price forced his way into the home, by pushing Mr. Henderson backwards, with Defendant-See right behind him. Price then knocked Mr. Henderson down by striking him in the mouth with his fist, and both Defendant-See and Price beat Mr. Henderson with their fists. Price then jumped on Mr. Henderson and held him down by sitting on his stomach and holding the open knife to Mr. Henderson’s throat. Defendant-See obtained the keys to Mr. Henderson’s car, went outside, started the car, returned inside, grabbed Mr. Henderson’s shotgun from a place where it was leaning against the wall, demanded money of Mr. Henderson, which demand was not successful. Defendant-See then struck Mr. Henderson repeatedly about the face and head with the butt of the shotgun, and Price cut Mr. Henderson’s throat with the knife, causing a bad cut which bled profusely, and then Defendant-See and Price left Mr. Henderson lying on the floor, took his shotgun, went outside, got into Mr. Henderson’s car, and left with the stolen shotgun and car.
They were later apprehended in Texas, following a chase in which the automobile was demolished in a wreck, while they were attempting to escape law enforcement officers. They both waived extradition and were returned to Louisiana.
Mr. Henderson’s injuries were extensive, severe and painful. He was hospitalized for a considerable period of time, in serious condition. He is stiff (sic) suffering from the experience, and, among other things, now wears eye glasses, due to vision problems which he did not have before being beaten. Since being released from the hospital he resides in the home of a daughter, in Texas, who is caring for him.
*1372 His total medical expenses were approximately $100,000.00. His hospital bilis alone exceeded $68,000.00.”
La.C.Cr.P. Art. 894.1 enumerates aggravating and mitigating factors to be considered by the trial court in imposing sentence, and requires that the trial judge “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” The purpose of the statute is to afford a reviewing court some insight into the reasoning process of the sentencing judge, so that the propriety of the sentence can be better evaluated. State v. Price, 403 So.2d 660 (La.1981). The trial judge need not state for the record his consideration of each of the aggravating and mitigating circumstances enumerated in the article. However, the record must reflect that the judge did consider these guidelines in particularizing the sentence to the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982). The record should reflect that the trial court considered not only the seriousness of the crime and the defendant’s criminal history, but also the defendant’s personal history (age, mental status, dependents, family ties, employment record, emotional and physical health), and his potential for rehabilitation. State v. Quebedeaux, supra; State v. Jones, 398 So.2d 1049 (La.1981). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. State v. Ray, 423 So.2d 1116 (La.1982).
Defendant argues specifically that the trial court failed to comply with the statutory guidelines of Article 894.1 by failing to enumerate existing mitigating circumstances. We disagree. The record clearly reflects that the trial judge did consider all of the circumstances applicable before deciding upon the sentences imposed. At the sentencing hearing, the following transpired between the defendant’s attorney, Mr. Dyess, and the trial judge:
“MR. DYESS: ... I would at this time point out to the Court that the offender before the Court this morning, Jimmy Leroy See, is presently aged twenty-two, is young, and secondly, Your Honor, I would point out to the Court that the Pre-Sentence reflects that his employment record was a pretty steady employment record and at one time he was a Supervisor on the job in construction.
THE COURT: Thank you, Mr. Dyess. Of course, the Court has carefully studied the Pre-Sentence Report and has considered the facts in this case and has considered the sentencing guidelines that have been set forth in Code of Criminal Procedure Article 894.1.”
Additionally, in his written reasons for sentencing, the trial judge thoroughly enumerated the factors which he considered in imposing the sentences. While it is true that the trial judge devoted a considerable amount of space discussing the aggravating circumstances which he considered, he did, in fact, also note the age of the defendant as well as his potential for rehabilitation. Our review of the record prompts us to conclude that the trial court did adequately comply with the guidelines set forth in La.C.Cr.P. Art. 894.1.
Finding that the sentencing'guidelines have been adequately considered, our standard of review is stated as follows:
“... [a] sentence will not be set aside as excessive absent manifest abuse of the trial judge’s sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, [367 So.2d 762 (La.1979)], supra. The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980).”
State v. Smack, 425 So.2d 737, 740 (La.1983).
We do not find that a sentence of twelve years at hard labor for the crime of aggravated burglary nor a sentence of forty years for the crime of attempted second degree murder, under the facts of the present case, shocks our sense of justice.
Under the offense of aggravated burglary, to which defendant plead guilty, he was subjected to a possible 30 year term of *1373 imprisonment at hard labor. La.R.S. 14:60. For the offense of attempted second degree murder, defendant was subjected to a possible 50 year term of imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:27 and La.R.S. 14:30.1. In total, defendant was subjected to a possible maximum sentence of 80 years. He was sentenced to serve one-half of the possible term of imprisonment. We find that the penalties imposed are appropriate both to the offenses and the offender. Therefore, these assignments are without merit.
For the foregoing reasons, defendant’s convictions and the sentences imposed are affirmed.
AFFIRMED.