STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

18-222

STATE OF LOUISIANA

VERSUS

TRIVUAL A. CHARLES  A/K/A TRIVUAL BATISTE

A/K/A TRIVUAL CHARLES

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, No. 85095
HONORABLE KRISTIAN EARLES,
DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS

JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell and Phyllis M. Keaty, Judges.

SENTENCE VACATED; REMANDED FOR RE-SENTENCING.

Peggy J. Sullivan
Louisiana Appellate Project
P.O. Box 2806
Monroe, LA  71207-2806
(318) 855-6038
  Attorney for Appellant, Trivual A. Charles


Kim R. Hayes
Assistant District Attorney, Acadia Parish
P.O. Box 288
Crowley, LA  70526
(337) 783-9471
  Attorney for Appellee, State of Louisiana

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

In December of 2015, Officer Crystal Miller (Miller), at that time an officer with the Rayne Police Department (RPD), observed Trivual A. Charles (Defendant) on the front porch of a residence on Holt Street in Rayne, Louisiana. Miller was responding to a call regarding a stolen bicycle. Defendant was not involved with the investigation of the stolen bicycle, but Miller recognized him as a person with an outstanding arrest warrant. She called RPD for backup and waited until three fellow officers arrived.

According to the testimony of the officers, when they informed Defendant he was being placed under arrest pursuant to an outstanding arrest warrant, he responded that if he was going to jail they would be "taking him naked." He then took off his jacket and dropped it to the ground, took off his shirt and dropped his pants. Officer Jacob Venable (Venable) then intervened and pulled up Defendant's pants and handcuffed him. Sergeant Joseph Credeur (Credeur) picked up Defendant's jacket and shirt and placed them in Miller's patrol unit. Defendant was transported to the Rayne police station where he was booked on the outstanding warrant. During the booking process officer Venable placed Defendant's jacket on a table and heard a noise indicative of a solid object in the jacket. He reached into a pocket on the jacket and pulled out a handgun identified as a Taurus .38 caliber revolver. The gun had one live round of ammunition in the chamber and two spent rounds. All items were placed in the evidence locker and then moved to the evidence room where they remained until trial. Shortly before trial, Defendant's attorney was allowed to view the firearm. No ballistic test, no fingerprinting, and no DNA testing of any kind were performed on the weapon.

On February 22, 2016, Defendant was charged by bill of information with one count of possession of promethazine on the premises of a Police Department, and one count of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. The two charges were severed, and the promethazine charge was later dismissed. Defendant was convicted by a unanimous jury verdict of possession of a firearm by a convicted felon. Sentencing was delayed pending a pre-sentence investigation. After several continuances Defendant was scheduled for sentencing on October 12, 2017. On that date Defendant filed a "Motion for Post Verdict Judgment of Acquittal or in the Alternative Motion for New Trial." The trial court held a hearing on the same date and denied the motion. Immediately thereafter the trial court held a sentencing hearing and sentenced Defendant to twenty years without the benefit of probation, parole, or suspension of sentence. On October 25, 2017, Defendant filed a Motion to Reconsider Sentence which was set for hearing on November 7, 2017. The hearing date was reset and according to court minutes the trial court denied the motion on December 4, 2017, at which time Defendant filed a motion for appeal.

Defendant timely filed a brief with this court alleging two assignments of error asserting the trial court failed to rule on his motion to reconsider sentence and asserting his sentence is "unconstitutionally harsh and excessive." Defendant maintains the trial court did not state an adequate basis for the sentence imposed.

On the same date he filed his brief in this appeal, Defendant filed a Motion to Supplement the Record asserting that, although the trial court minutes dated December 4, 2017, indicate the motion to reconsider sentence was denied, the trial transcript of that proceeding does not contain any reference to a denial of the motion to reconsider sentence. In accordance with an order issued by this court the appellate

2

record was supplemented with a transcript dated April 26, 2018, which reflects that the trial court denied Defendant's motion to reconsider sentence on that date.

The record also indicates that, after Defendant was sentenced to twenty years without benefit, the State charged him as an habitual offender based upon his conviction for possession of cocaine.[1] Defendant denied the allegations in the

---

[1] We note that in *State v. Baker*, 06-2175 (La. 10/16/07), 970 So.2d 948, 958, the state supreme court expressly held:

> …that a sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information. To the extent that cases state to the contrary, including *State v. Sanders,* 337 So.2d 1131 (La.1976) and *State v. Firmin,* 354 So.2d 1355 (La.1978), they are overruled.

We further note that the provisions of La.R.S. 15:529.1 are applicable:

> C. (1) Except as provided in Paragraph (2) of this Subsection, the current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than five years have elapsed between the date of the commission of the current offense or offenses and the expiration of the correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for the previous conviction or convictions, or between the expiration of the correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided in this Paragraph, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of the five-year periods between the expiration of the correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, and the next succeeding offense or offenses.
>
> (2) The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541, or between the expiration of correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for each preceding conviction or convictions alleged in the multiple offender bill for a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541 and the date of the commission of the following offense or offenses. In computing the intervals of time as provided in this Paragraph, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of the ten-year periods between the expiration of correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541 and the next succeeding offense or offenses.

habitual offender bill and was given sixty days to answer the allegations. Based upon information provided by the district court clerk's office a habitual offender hearing was set for February 25, 2019, after being reset seven times. This record contains no further information regarding whether a habitual offender hearing has been held and, if so, the outcome of that hearing.

## ANALYSIS

We are mandated by La.Code Crim.P. art. 920 to review all appeals for errors patent on the face of the record. We find there are three errors patent, two of which indicate an illegally lenient sentence for failure of the trial court to impose the sentence be served at hard labor, and failure to impose a mandatory fine of not less than one thousand dollars. We pretermit discussion of these errors because we find that another error patent on the record requires that Defendant's sentence be vacated and the case remanded for further proceedings consistent with this opinion.

Louisiana Code of Criminal Procedure Article 873 (emphasis added) clearly mandates:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence *shall not* be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

*The state supreme court has ruled that this delay may not be implicitly waived but must be explicitly waived on the record. State v. Kisack*, 16-797 (La. 10/18/17), 236 So.3d 1201, *cert. denied*, __U.S.__, 138 S.Ct. 1175 (2018).

The trial transcript and court minutes do not reflect any express waiver of Defendant's right to delay sentencing. Defense counsel did not object to the trial court proceeding with sentencing immediately after denying the motion for new trial and participated in the sentencing hearing by calling a witness, Defendant's father,

4

on Defendant's behalf. But our courts have held that such failure to object and participation do not comply with the statutory requirement of an express waiver. *See State v. Kelly*, 375 So.2d 1344 (La.1979).[2] In *State v. Williams*, 96-37 (La.App. 3 Cir. 6/26/96), 677 So.2d 692, this court, relying on *State v. Augustine*, 555 So.2d 1331 (La.1990), recognized the failure to follow the mandatory delays for sentencing provided in La.Code Crim. P. art. 873 as an *error patent*. We held there that when a defendant challenges the sentence imposed "*Augustine* mandates a remand." *Id*. at 699. In *State v. Kisack*, 16-797 (La. 10/18/17), 236 So.3d 1201, *cert. denied*, __U.S.__, 138 S.Ct. 1175 (2018), the state supreme court reversed the appellate court's finding an implicit waiver and expressly held that "[a]n implicit waiver . . . runs afoul of the plain language of [La.C.Cr.P. a]rt. 873 that requires that the waiver be expressly made." *Id*. at 1205.

In *Augustine*, 555 So.2d at 1333–34 (La.1990) (emphasis added) (alteration in original) (footnote omitted) the supreme court held that the delay provisions of La.CodeCrim.P. art. 873 are *mandatory and any sentence imposed in violation of these delay periods is null*:

> The last issue before us concerns the mandatory delays specified in La.C.Cr.P. art. 873 which must be observed before sentence can be imposed. Art. 873 first provides for a three-day delay between conviction of the defendant and sentencing. (The original provision provided for a 24-hour delay. That was amended to three days in the 1966 Code of Criminal Procedure. 1966 La. Acts No. 310, § 1). The second requires a 24-hour delay between the denial of a new trial or judgment for acquittal and sentencing. These statutorily mandated delays have been respected in a long line of opinions. *State v. Mistich,* 186 La. 174, 171 So. 841 (1937) called a sentence "premature and therefore void," because the sentence was imposed within the then

---

[2][T]he record does not reflect that before sentence was imposed defendant had 'expressly' waived the twenty-four hour delay after his motions for a new trial and in arrest of judgment had been overruled. Hence, the sentence must be vacated and the case remanded to the trial court with instructions to the trial judge to sentence defendant in accordance with law.

*Kelly*, 375 So.2d at 1349.

5

24-hour delay required between conviction and sentence. In *State v. George,* 218 La. 18, 48 So.2d 265 (1950), cert. denied, 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1951), the Court also addressed that same 24-hour delay, and found that "if [defendant] is denied the right to this delay, any sentence so imposed is void."

More recent decisions of this Court include a per curiam opinion in *State v. Hampton,* 274 So.2d 383 (La.1973), and a pair of decisions authored by Justice Marcus, *State v. Young,* 337 So.2d 1196 (La.1976) and *State v. Hutto,* 349 So.2d 318 (La.1977). These cases all involved a violation of the delay between denial of a new trial motion and sentencing. In *Hutto* and *Young,* the Court found that the sentence was "illegally imposed" when, just as in this case under review, both of those defendants were sentenced within 24 hours after denial of new trial motions, with neither having waived the delay. These are only a few of such decisions by this Court holding that violation of art. 873 requires remand for resentencing.

"Article 873 uses mandatory language in requiring that twenty-four hours elapse between the overruling of a motion for new trial and sentencing when the defendant is convicted of a felony. ... The legislature in effect has said that a failure to comply with article 873 in the absence of an express waiver by the defendant affects substantial rights."

*State v. White,* 483 So.2d 1005 (La.1986), Dennis, J., dissenting in part.

Only the majority opinion in *State v. White,* 404 So.2d 1202 (La.1981) can possibly be considered at variance with this rule. But even that case is largely distinguishable from this one. We held in *White* (over the protest of two dissenting justices) that the statutory mandate of the 24-hour delay was not so imperative as to require a resentencing where the defendant could not show that he suffered prejudice from the violation. *State v. White,* however, was before us on an errors patent review (no assignments of error urged by the defendant on this issue), and the defendant was not challenging the penalty imposed.

In the case before us, Augustine did not expressly waive the delay as required by art. 873 (nor did he plead guilty); and he *does* challenge the penalty on this appeal.

Furthermore, there is no assurance that this is a "useless formality for reimposition of sentence," as was the majority's conclusion in *White.* For all we know, a reimposition might result in a sentence less than 40 years for this man, who was 18 years old at the time of the offense, who robbed his victim with a racing starter's pistol, and who did not have any prior convictions at the time of the offense.

The fact that defendant Augustine has already served 18 of his 40 years before the appeal was reviewed is no reason to deny him the

6

treatment afforded the defendants Hutto, Young, Hampton, Scott, George, Mistich and others (citations to these cases above), who were ordered resentenced *shortly* after conviction.

> ***The suggestion that the defendant was not harmed because his sentence was in fact not unconstitutionally excessive is not meritorious***. Constitutional excessiveness of sentence and illegal imposition of sentence are quite separate and distinct matters. *A sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration.* Furthermore, the district court (upon resentencing) is not bound by the sentence previously imposed, whereas this Court is bound by a legally imposed sentence which is not unconstitutionally excessive.

Defendant expressly challenges his sentence in this appeal. In *Williams* we said:

> The first error patent involves whether there was proper delay in sentencing defendant. Defendant also claims as an assignment of error that the trial court failed to observe the twenty-four hour sentencing delay provided in La.Code Crim.P. art. 873. Defendant argues this assignment of error in his brief, but it was not formally specified as an error in the trial court in accordance with Uniform Rules-Courts of Appeal, Rule 1-3 and La.Code Crim.P. art. 920(1). **However, we will address this error as it is an error patent.**
>
> In *State v. Dauzat,* 590 So.2d 768, 775 (La.App. 3 Cir.1991), *writ denied,* 598 So.2d 355 (La.1992), this court stated:
>
>> La.C.Cr.P. art. 873 requires that there be a 24 hour delay between the denial for a motion for a new trial and the imposition of sentence. *Generally, this error, while patent,* is not reversible unless the defendant is prejudiced by the lack of a sentencing delay. *State v. Gaspard,* 441 So.2d 812, 813 (La.App. 3d Cir.1983), citing *State v. White,* 404 So.2d 1202 (La.1981). However, *the Louisiana Supreme Court's most recent pronouncement on this issue has required a strict application of Article 873, particularly where the defendant challenges the penalty imposed.* *State v. Augustine,* 555 So.2d 1331 (La.1990). Because defendant's counsel did not argue the motion for new trial, it is difficult to find any prejudice to the defendant in the trial court's failure to observe the sentencing delay in Article 873. *However, as defendant is challenging the penalty imposed, we find Augustine mandates a remand.*
>
> In the present case, defendant filed a motion for new trial which was denied by the trial court after a hearing on September 15, 1995. Immediately after denying defendant's motion, the trial court

proceeded with the sentencing and sentenced defendant to twenty years at hard labor. ***Since defendant challenges the sentence on appeal, this error is not harmless***. In *State v. Augustine,* 555 So.2d 1331, 1334 (La.1990), the court held that *"[a] sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration.* Furthermore, the district court (upon resentencing) is not bound by the sentence previously imposed, whereas this Court is bound by a legally imposed sentence which is not unconstitutionally excessive." Thus, we find the trial court erred by not observing the delay. The sentence should be vacated and the case remanded to the trial court for resentencing.

*Williams*, 677 So.2d at 699 (emphasis added) (alteration in original).

Defendant's two assignments of error involve the sentence imposed. In the first assignment of error, Defendant alleges the trial court failed to rule on his motion to reconsider sentence. As previously discussed, the trial court denied the motion to reconsider sentence at a hearing held pursuant to this court's order for supplementation of the record. Under the provisions of La.Code Crim.P. art. 916(3)[3] the trial court retained jurisdiction to rule on the motion to reconsider sentence. Thus, assignment of error number one is moot.

In the second assignment of error, Defendant challenges the excessiveness of the sentence imposed and maintains the trial court failed to state an adequate basis for the sentence imposed and failed to give any consideration to the lack of aggravating factors and to the mitigating factors set forth in La.Code Crim.P. art. 894.1 (emphasis added):

---

[3]

> The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:

> . . . (3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.

La.Code Crim.P. art. 916(3).

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:

(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

(3) A lesser sentence will deprecate the seriousness of the defendant's crime.

**B.** The following grounds, while not controlling the discretion of the court, **shall be accorded weight in its determination of suspension of sentence or probation:**

(1) The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim.

(2) The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health.

(3) The offender offered or has been offered or has given or received anything of value for the commission of the offense.

(4) The offender used his or her position or status to facilitate the commission of the offense.

(5) The offender knowingly created a risk of death or great bodily harm to more than one person.

(6) The offender used threats of or actual violence in the commission of the offense.

(7) Subsequent to the offense, the offender used or caused others to use violence, force, or threats with the intent to influence the institution, conduct, or outcome of the criminal proceedings.

(8) The offender committed the offense in order to facilitate or conceal the commission of another offense.

(9) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family.

(10) The offender used a dangerous weapon in the commission of the offense.

(11) The offense involved multiple victims or incidents for which separate sentences have not been imposed.

(12) The offender was persistently involved in similar offenses not already considered as criminal history or as a part of a multiple offender adjudication.

(13) The offender was a leader or his violation was in concert with one or more other persons with respect to whom the offender occupied a position of organizer, a supervisory position, or any other position of management.

(14) The offense was a major economic offense.

(15) The offense was a controlled dangerous substance offense and the offender obtained substantial income or resources from ongoing drug activities.

(16) The offense was a controlled dangerous substance offense in which the offender involved juveniles in the trafficking or distribution of drugs.

(17) The offender committed the offense in furtherance of a terrorist action.

(18) The offender foreseeably endangered human life by discharging a firearm during the commission of an offense which has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.

(19) The offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and which by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.

(20) The offender used a firearm or other dangerous weapon while committing or attempting to commit a controlled dangerous substance offense.

(21) Any other relevant aggravating circumstances.

(22) The defendant's criminal conduct neither caused nor threatened serious harm.

(23) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm.

(24) The defendant acted under strong provocation.

(25) There were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense.

(26) The victim of the defendant's criminal conduct induced or facilitated its commission.

(27) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(28) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.

(29) The defendant's criminal conduct was the result of circumstances unlikely to recur.

(30) The defendant is particularly likely to respond affirmatively to probationary treatment.

(31) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.

(32) The defendant has voluntarily participated in a pretrial drug testing program.

(33) Any other relevant mitigating circumstance.

C. The court **shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.**

We note, as pointed out by defense counsel at the sentencing hearing, that *none* of the twenty aggravating circumstances enumerated above are present in this case and no other aggravating circumstances were present. Defense counsel also presented mitigating factors that should be considered by the trial court in imposing sentence including Defendant's mental health issues. The only reasoning articulated by the trial court was:

> You're charged with La.R.S. 14:95.1. Whoever is found guilty of committing the crime of felon in possession of a firearm shall be imprisoned at hard labor for not less than ten (1) years nor more than twenty (20), without benefit of parole, probation or suspension of sentence. You are a fifth felony offender, which I consider to be a career criminal, and I'm going to sentence you to twenty (20) years without parole, probation or suspension of sentence.

11

And you have two (2) years post-conviction relief; that's two years from the date this judgment becomes final to appeal anything done here today.

This was the full extent of the trial court's remarks concerning sentencing Defendant. The brevity of the trial court's reasons for imposing the maximum sentence provides no insight or ability for this court to review the propriety of the trial court's sentence and does not reflect that the trial court considered the statutory guidelines mandated by La.Code Crim.P. art 894.1.

> La.C.Cr.P. Art. 894.1 enumerates aggravating and mitigating factors to be considered by the trial court in imposing sentence, and *requires that the trial judge "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." The purpose of the statute is to afford a reviewing court some insight into the reasoning process of the sentencing judge, so that the propriety of the sentence can be better evaluated. State v. Price,* 403 So.2d 660 (La.1981). The trial judge need not state for the record his consideration of each of the aggravating and mitigating circumstances enumerated in the article. *However, the record must reflect that the judge did consider these guidelines in particularizing the sentence to the defendant. State v. Quebedeaux,* 424 So.2d 1009 (La.1982). The record should reflect that the trial court considered not only the seriousness of the crime and the defendant's criminal history, but also the defendant's personal history (age, mental status, dependents, family ties, employment record, emotional and physical health), and his potential for rehabilitation. *State v. Quebedeaux,* supra; *State v. Jones,* 398 So.2d 1049 (La.1981). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. *State v. Ray,* 423 So.2d 1116 (La.1982).

*State v. See*, 462 So.2d 1369, 1372 (La. 1985), *writ denied*, *writ granted in part, judgment set aside in part*, 467 So.2d 525 (La.1985) (emphasis added).

We have also said:

> It is not necessary for the trial court to articulate every factor presented in Art. 894.1, but the record must reflect that the trial court adequately considered them in particularizing the sentence to the defendant. *State v. Cottingin,* 476 So.2d 1184 (La.App. 3 Cir.1985). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. *State v. Smith,* 426 So.2d 738 (La.App. 3 Cir.1983). Failure to adequately comply with Art. 894.1 does not necessitate vacating

12

the sentence or warrant a remand for resentencing *if the record illumines and supports the sentencing choice*. *State v. Jones,* 478 So.2d 764 (La.App. 3 Cir.1985).

The trial judge did not adequately comply with La.C.Cr.P. art. 894.1. Prior to sentencing defendant, the court stated:

"All right.

Mr. Kohl, the Court has ordered a pre-sentence investigation on you, and your record is fairly clean.

There was an arrest back in '79 and another arrest out of state.

However, considering the circumstances of the crime committed, the Court feels that a sentence of four (4) years at hard labor with the Department of Corrections on each case, to run concurrently, would be proper, and the Court will so sentence you."

The court makes reference to a pre-sentence investigation, however, the report from such investigation was not made part of the record. It appears the trial judge considered only two things in sentencing defendant. First, his relatively clean arrest record was given consideration and, second, the circumstances of the crime committed were considered. As the record in the present case is basically devoid of reasons for sentencing, the trial judge failed to comply with Art. 894.1. Therefore, this assignment of error has merit.

*State v. Kohl*, 524 So.2d 781, 786 (La.App. 3 Cir. 1988).

Likewise, in this case the record indicates a pre-sentence investigation was performed, but the only information the trial court appears to have employed in making its decision is that over the course of Defendant's lifetime he was a five-time felony offender. But it is important to consider the fact that Defendant's first offense was in 1989, some twenty-eight years prior to the imposition of the current sentence. Two prior convictions date back to 1990, and Defendant ended his parole time for those offenses in 1996. Defendant was convicted of being a felon in possession of a firearm in 1995, released on parole in 2006, but his parole was revoked in 2008. The predicate offense upon which Defendant's current conviction for possession of

13

a firearm by a convicted felon was a conviction for possession of cocaine in April 2007, for which he was sentenced to four years at hard labor. When Defendant was convicted on the felon in possession of a firearm charge in 2017, his previous offense was ten years old. We find the record does not "reflect that the judge did consider the[] guidelines [provided in La.Code Crim.P. art. 894.1] in particularizing the sentence to the defendant," *State v. See,* 462 So.2d at 1372. We are therefore unable to fully evaluate the propriety of the sentence imposed.

For the reasons stated we vacate Defendant's sentence and remand for further proceedings consistent with this opinion.

**SENTENCE VACATED; REMANDED FOR RE-SENTENCING**.