STATE OF LOUISIANA       *       NO. 2022-KA-0495

VERSUS       *

      COURT OF APPEAL

KEITH KISACK       *

      FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 510-800, SECTION "C"
Honorable Benedict Willard, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Jeff Landry
ATTORNEY GENERAL
J. Taylor Gray
Grant L. Willis
ASSISTANT ATTORNEYS GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
P.O. Box 94005
Baton Rouge, LA 70804

      COUNSEL FOR STATE/APPELLEE

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

      COUNSEL FOR DEFENDANT/APPELLANT

      **VACATED AND REMANDED**
      **NOVEMBER 16, 2022**

*DLD*
*SCJ*
*RDJ*

This is an appeal of the district court's July 22, 2021 judgment denying Defendant's, Keith Kisack, Motion to Reconsider Sentence. For the following reasons, we vacate the judgment and remand the matter to the trial court to conduct further proceedings consistent with this opinion.

## FACTS/PROCEDURAL HISTORY

Defendant was charged with and found guilty of possession of contraband (namely, a cell phone) in prison. Thereafter, the State filed a multiple-offender bill based on Defendant's contraband charge and his prior felony convictions for possession of a firearm by a felon (2001), aggravated battery (1995), and illegal discharge of a firearm (1993). The penalty for a fourth-felony offender under the multiple-offender statute is twenty (20) years to life. The court imposed the maximum sentence of life in prison without the possibility of parole. Defendant appealed and this Court ultimately amended the sentence to include the possibility of parole but affirmed the lifetime term imposed by the trial court. *See State v. Kisack*, 2015-0083 (La. App. 4 Cir. 3/30/16), 190 So.3d 806. On writ of certiorari, the Louisiana Supreme Court found that the trial court failed to observe the mandatory delay before sentencing Defendant to the maximum term of life

1

imprisonment, reversed this Court's ruling in part to vacate the habitual offender adjudication, and remanded the matter to the trial court to conduct further proceedings consistent with its findings. *See State v. Kisack*, 2018-0797 (La. 10/18/17), 236 So.3d 1201 (*per curium*), *cert denied*, ___ U.S. ____, 138 S.Ct. 1175, 200 L.Ed.2d 322. A second multiple offender adjudication was conducted and Defendant was again found to be a fourth-felony offender. After the sentencing delay was explicitly waived, the trial court judge imposed a sentence of life without the benefit of probation or suspension of sentence. Defendant then filed a Motion to Reconsider Sentence and the trial court conducted a hearing on July 22, 2021. At that time, Defendant had pending charges of second degree murder, attempted second degree murder, and possession of a firearm by a convicted felon. The trial judge denied Defendant's Motion to Reconsider Sentence without hearing argument on the merits, reasoning that the motion would essentially become moot if Defendant was subsequently convicted on the pending charges. This appeal timely followed.

## STANDARD OF REVIEW

"An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory sentencing guidelines, as well as whether the facts of the case warrant the sentence imposed." *State v. Batiste*, 06–0875, pps.18–19 (La. App 4 Cir. 12/20/06), 947 So.2d 810, 820–821; *see also* La. Code Crim. Proc. art. 894.1.

## DISUCSSION/ERRORS PATENT

In accordance with La. C.Cr.P. art. 920, this Court reviews all criminal appeals for errors patent. An error patent is one "that is discoverable by a mere

inspection of the pleadings and proceedings and without inspection of the evidence." La. C.Cr.P. art. 920(2).

Defendant assigns one error on appeal, namely that "[t]he district court erred in deferring ruling on Defendant's long-pending Motion to Reconsider Sentence until after the resolution of an unrelated matter." As such, Defendant argues that this Court should remand the matter and instruct the trial court to make a final ruling on his Motion to Reconsider Sentence. For the reasons that follow, we disagree with Defendant's assignment of error; however, we find that this matter should be remanded for the trial court to rule upon the merits of Defendant's Motion to Reconsider Sentence.

The transcript of the trial court's oral judgment states:

> Motion to Reconsider is denied at this time…. Mr. Kennedy [defense counsel], at this time, I would reconsider your request in the event your client is found guilty of anything less than manslaughter on the open case.
>
> I'm going to note your objection. And again, if he's convicted [of second degree murder and sentenced to] life, this matter is moot. If he's convicted of manslaughter and multiple billed, this matter is moot. If he's convicted of anything less than that, sir, re-file your motion possibly. If it comes back not guilty, I'll entertain a reconsideration of your re-file.

The district court did not defer ruling on Defendant's Motion to Reconsider Sentence. The trial judge plainly denied the Motion and advised defense counsel to consider re-filing after the adjudication of Defendant's pending charges. Defendant's contention that the trial court failed to provide a final, appealable judgment on his Motion to Reconsider Sentence and effectively delayed his right to appeal is without merit.

The trial court's denial of Defendant's Motion was predicated upon the result of pending, unrelated charges against Defendant rather than a meritorious consideration of the aggravating and/or mitigating circumstances as required by La. Code Crim. Proc. art. 894.1. The statute states that in sentencing a convicted felon, "…[certain] grounds, while not controlling the discretion of the court, shall be accorded weight in its determination…" *See* La. Code. Crim. Proc. art. 894.1(B). "The purpose of the sentencing guidelines is to afford a reviewing court some insight into the reasoning process of the sentencing judge, so that the propriety of the sentence can be better evaluated." *State v. Charles*, 18-222, p. 12 (La. App. 3 Cir. 5/1/19), 270 So.3d 859, 868, *quoting State v. See*, 462 So.2d 1369, 1372 (La. App. 3 Cir. 1985), *writ denied, writ granted in part, judgment set aside in part*, 467 So. 2d 525 (La.1985). "The record should reflect that the trial court considered not only the seriousness of the crime and the defendant's criminal history, but also the defendant's personal history (age, mental status, dependents, family ties, employment record, emotional and physical health), and his potential for rehabilitation." *Id*. at 869, *quoting State v. See*, 462 So.2d 1369, 1372 (La. App. 3 Cir.1985), *writ denied, writ granted in part, judgment set aside in part*, 467 So.2d 525 (La.1985); *citing State v. Quebedeaux*, 424 So.2d 1009 (La.1982). And though "[i]t is not necessary for the trial court to articulate every factor presented in Art. 894.1, the record must reflect that the trial court adequately considered them in particularizing the sentence to the defendant." *Id*., *quoting State v. Kohl*, 524 So.2d 781, 786 (La. App. 3 Cir. 1988), *citing State v. Cottingin*, 476 So.2d 1184 (La. App. 3 Cir. 1985). "The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it." *Id*. at 870, *quoting State v. See*, 462 So.2d 1369, 1372 (La. App. 3 Cir.1985),

*writ denied, writ granted in part, judgment set aside in part*, 467 So.2d 525 (La.1985); *citing State v. Ray*, 423 So.2d 1116 (La.1982).

Here, the trial court failed to consider any of the statutory factors when denying Defendant's Motion to Reconsider Sentence. Instead, argument on the merits was disallowed by the court, reasoning that a conviction under the pending charges would result in the imposition of a mandatory life-sentence and that any disposition on the merits of Defendant's Motion at that time would ultimately become moot by way of a successive conviction. The list of factors that the trial court must consider does not include pending criminal charges against the defendant.

It is clear that the trial court's denial of Defendant's Motion to Reconsider Sentence did not adequately comply with the requirements of Article 894.1. While not bound to examine all of the factors contained listed in Article 894.1, the court is required to consider both aggravating and mitigating factors. However, the transcript does not contain or reflect any mention of Article 894.1 factors. It is clear that the trial court's ruling did not properly assess the militating/mitigating factors as is statutorily required.

## DECREE

For the foregoing reasons, the trial court's July 22, 2021 judgment denying Defendant's Motion to Reconsider Sentence is vacated and remanded to the trial court for ruling on the merits, reserving his right to appeal his sentence once the trial court has ruled.

**VACATED AND REMANDED**