DOMENGEAUX, Judge.
In this suit on a promissory note, defendant, Roland B. Fontenot, appeals the trial court’s dismissal of his reconventional demand on an exception of prescription. We affirm.
On March 24, 1982, Fontenot executed a promissory note and collateral mortgage in favor of Guaranty Bank of Mamou in the principal sum of $78,473.53. Both the note and mortgage were executed to finance a crop duster for use in Fontenot’s business, Fontenot’s Flying Service. On April 15, 1984, the crop duster crashed. After Guaranty applied the insurance proceeds for the *805 plane of $45,000.00 to Fontenot’s loan, it filed this suit to collect the remaining balance on the note, $32,171.82.
In his answer, Fontenot asserted the re-conventional demand which is the subject of this appeal. He alleged that Guaranty assured him it would finance a new crop duster once it received insurance proceeds for the crashed airplane, when in fact Guaranty had no intention of doing so. According to Fontenot, his reliance on this misrepresentation prevented him from continuing his occupation and caused him to sustain damages and lost profits in the amount of $150,000.00.
The trial judge granted summary judgment in favor of Guaranty on the main demand, but at that time he did not dismiss the reconventional demand. Fontenot did not appeal this ruling in favor of Guaranty, and that judgment has since become final. Subsequent to granting judgment on the main demand, the trial judge dismissed the reconventional demand on the exception of prescription.
Although the reconventional demand is pleaded with less than perfect precision, we find it to be delictual in nature, and therefore subject to the liberative prescription of one year. Louisiana Civil Code art. 3492. Former Civil Code art. 3536(1) provided that actions for “injurious words, whether verbal or written,” prescribed in one year. While generally associated with libel and slander actions, that article was also applied to suits for damages caused by the defendant’s false representations. Brown Shoe Company v. Unter, 173 So. 579 (La.App. 2nd Cir.1937); see also Sprinkle v. Farm Bureau Insurance Company, 492 F.2d 469 (5th Cir.1974). The substance of former article 3536(1) is now included in article 3492.
In his petition, Fontenot alleges that Guaranty’s misrepresentations were made in April of 1984. His reconventional demand was not filed until August of 1986. Fontenot argues that the one year prescriptive period should not begin to run from the date the representations were made, but rather, it should commence from the time he became aware that Guaranty would not issue the new loan. He claimed Guaranty continually assured him that the new loan would be forthcoming through November of 1985, when he made the last payment on the original loan. In his deposition, however, he testified that he had been seeking alternative financing as early as 1984. Clearly, at this point, Fontenot should have known that Guaranty was not going to honor any previous statements regarding a new loan. Thus, under either theory, Fontenot's claim had already prescribed by 1986, when he filed the recon-ventional demand.
Even if we disagreed with the trial court regarding the exception of prescription, we would nonetheless affirm the dismissal of this suit. Under Louisiana Code of Civil Procedure art. 2164, an appellate court shall render “any judgment which is just, legal and proper on the record on appeal.” From the record before us, it is clear dismissal of this suit would be proper because Fontenot’s own deposition testimony negates the allegations contained in his petition.
After careful reading of Fontenot’s deposition, we have no trouble concluding that Guaranty never assured Fontenot that it would finance a new airplane. Rather, Guaranty merely told Fontenot that the loan committee would consider an application for a new loan, after the proceeds from the first plane were received. At pages 17 and 18 of his deposition, Fontenot testified as follows:
Q. So, what he would tell you is, “Before we would consider financing you another airplane, the Board wants to wait until they’re paid on this particular loss, and then at that time they would consider your appointment?”
A. Yes, they would consider the loan.
Q. Did he say that the Board would consider it or did he say the Board had approved it?
A. No, he said the Board wanted to wait till we settled. * # * * * *
Q. Now, did he actually say that the Board had approved the loan for you?
*806 A. No, not in so many words.
The record before us unequivocally establishes that there is no factual basis for the allegations in Fontenot’s petition. This case should have been disposed of by a motion for summary judgment at the trial level. If we did not affirm the trial court’s ruling on the exception of prescription we would dismiss the suit under art. 2164 because the evidence before us clearly demonstrates plaintiff cannot prevail on the merits.
For the above and foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Roland B. Fontenot.
AFFIRMED.
GUIDRY, J., concurs.