I «CARTER, C.J.
In 1996 Harold “P. J”. Velez, Sr., discovered that his attorney, Alva Carbonette, allegedly failed to introduce “the most important piece of ‘Evidence’ ” at a court hearing in 1990. Mr. Velez then sued Mr. Carbonette for legal malpractice. Mr. Carbonette, represented by Madeline S. Carbonette,[2] filed a peremptory exception raising the objection of liberative prescription, which was heard and granted on March 26, 1997. Over two years later, on March 29, 1999, Mr. Velez sued Ms. Car-bonette, alleging that at the 1997 hearing she slandered his name and business. Ms. Carbonette filed a peremptory exception raising the objection of liberative prescription in the slander suit. The trial court granted Ms. Carbonette’s exception and dismissed Mr. Velez’s suit. Mr. Velez appeals.
Slander is an intentional tort or delict. See Neuberger, Coerver & Goins v. Times Picayune Publishing Co., 597 So.2d 1179, 1181-82 (La.App. 1st Cir.1992). Former Civil Code art. 3536(1) provided that actions for “injurious words, whether verbal or written,” prescribed in one year. The substance of former article 3536(1) is now included in Civil Code article 3492, which provides a one-year liberative prescription that runs from the day injury or damage is sustained. Guaranty Bank v. *14 Fontenot, 551 So.2d 804, 805 (La.App. 3d Cir.1989).
Mr. Velez alleges that he was slandered on March 26, 1997. His suit, filed more than two years later, is thus prescribed on its face. Because it appears from the face of the petition that Mr. Velez’s suit has prescribed, Mr. Velez has the burden of proving interruption or suspension of prescription. That proof must be clear, specific, and positive. Unlimited Horizons, L.L.C. v. Parish of East Baton Rouge, 99-0889, p. 8 (La.App. 1st Cir.5/12/00), 761 So.2d 753, 759.
Mr. Velez argues that the three-year peremptive period of Revised Statute 9:5605(A) applies to this case. Alternatively, he pleads that Ms. Carbonette committed fraud and that the fraud exception in Revised Statute 9:5605(E) to the three-year peremptive period should apply. Revised Statute 9:5605, however, does not apply in |3this case; it applies only to cases “arising out of an engagement to provide legal services.”
While Mr. Velez’s cause of action arises out of Ms. Carbonette’s actions as an attorney, it does not constitute a claim for legal malpractice governed by Revised Statute 9:5605. That statute does not apply to all suits against attorneys, but only to suits against attorneys by former clients. Ms. Carbonette did not represent Mr. Velez at the time of the alleged slander; she represented his opponent. Thus, Civil Code article 3492 and not Revised Statute 9:5605 provides the applicable prescriptive period herein.
Mr. Velez alleges in his petition that even though he was present at the hearing in 1997, he did not know he was slandered until January 22, 1999, when he obtained a copy of the transcript of the hearing and read it. He claims he had a difficult time understanding what Ms. Car-bonette said at the hearing. Prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, or unreasonable. In re Medical Review Panel of Howard, 573 So.2d 472, 474 (La.1991). A plaintiff, however, will be deemed to know what he could have learned by reasonable diligence. Ellender v. Goldking Production Co., 99-0069, p. 5 (La.App. 1st Cir.6/23/00), 775 So.2d 11, 14. As this is an objective standard, we must ask, “Would a reasonable person who was present in the courtroom when slander was uttered know he had been slandered at that time?”
Mr. Velez had the burden of providing clear, specific, positive proof at the hearing on the exception why a reasonable person would not have known of the facts giving rise to a cause of action for slander at the time the alleged slander was uttered. Mr. Velez presented no evidence at that hearing to show that it was impossible for an ordinary person to understand Ms. Carbo-nette. Despite Mr. Velez’s assertion in his petition and argument in his brief that Ms. Carbonette speaks very fast, our review of the transcript shows the trial court had no difficulty understanding her. We find Mr. Velez has failed to provide a legally sufficient excuse for failing to file his slander suit within one year of the date the alleged slanderous remarks were made in his presence.
In summary, the one-year prescriptive period of Louisiana Civil Code article 3492, and not the peremptive period of Louisiana Revised Statute 9:5605, is applicable |4to an action for slander. A reasonable person present when slander is uttered must know at that time that a cause of action has arisen, and the one-year prescriptive period begins to run at that time. Mr. Velez’s suit for slander filed more than two years after the alleged slander occurred was simply too late.
For the foregoing reasons, the judgment of the trial court granting the exception raising the objection of liberative prescription is affirmed at the cost of Mr. Velez.
AFFIRMED.

. Ms. Carbonette’s name is incorrectly spelled "Carbonett” in the caption.