# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-498

**STATE OF LOUISIANA**

**VERSUS**

**TRIVUAL A. CHARLES**
**A/K/A TRIVUAL BATISTE A/K/A TRIVUAL CHARLES**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 85095
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Candyce G. Perret, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2806**
**Monroe, Louisiana 71207-2806**
**(318) 855-6038**
**COUNSEL FOR APPELLANT:**
**TRIVUAL A. CHARLES**
**A/K/A TRIVUAL BATISTE**
**A/K/A TRIVUAL CHARLES**

**Donald D. Landry**
**District Attorney,**
**15th Judicial District**
**Burleigh G. Doga**
**Assistant District Attorney**
**P. O. Box 288**
**Crowley, Louisiana 70526**
**(337) 783-9471**
**COUNSEL FOR APPELLEE:**
**STATE OF LOUISIANA**

**PERRY, Judge.**

Defendant, Trivual A. Charles, appeals his twenty-year sentence for possession of a firearm by a convicted felon. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On December 18, 2015, Officer Crystal Miller of the Rayne Police Department responded to a report of a stolen bicycle. When Officer Miller approached the area of 700 Holt Street in Rayne, she saw Defendant on the porch. At that time, Defendant, who was not involved with the stolen bicycle, had an outstanding warrant for his arrest. Officer Miller requested backup and waited until three fellow officers arrived.

When the officers informed Defendant he was under arrest, he told them if they were taking him to jail, then they were taking him naked. At this point, Defendant began to remove his clothing. After Defendant removed his jacket and shirt, he attempted to remove his pants but was stopped. Officer Jacob Venable then pulled Defendant's pants up and handcuffed him; at about that same time, Sergeant Joseph Credeur, one of the other officers at the scene, picked up Defendant's jacket and placed it in the patrol car. The officers then transported Defendant to the Rayne Police Department for booking.

As Defendant was booked, Officer Venable searched the clothing that had been brought from the scene. When searching Defendant's jacket, a Taurus .38 revolver was found in the pocket with two spent casings and one live round in the chamber. Nothing else was found inside the jacket.

On February 22, 2016, the State filed a bill of information charging Defendant with possession of promethazine on the premises of Rayne Police Department, a

violation of La.R.S. 14:402,[1] and with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. The State severed the charge of possession of contraband on the premises of the police department from the bill of information, and Defendant proceeded to a trial by jury on the remaining count of possession of a firearm by a convicted felon. On August 1, 2017, a unanimous jury convicted Defendant of possession of a firearm by a convicted felon. Thereafter, the State dismissed the severed charge of possession of contraband on the premises of the police department.

On October 12, 2017, the trial court held a sentencing hearing and sentenced Defendant to the maximum term of imprisonment of twenty years[2] without the benefit of probation, parole, or suspension of sentence. In *State v. Charles*, 18-222 (La.App. 3 Cir. 5/1/19), 270 So.3d 859, this court vacated Defendant's sentence and remanded for resentencing because the record failed to show that the trial court considered the guidelines provided in La.Code Crim.P. art. 894.1.

On remand, the trial court held a sentencing hearing on August 22, 2019, and again imposed a sentence of twenty years at hard labor and ordered the sentence served without benefit of probation, parole, or suspension of sentence. On September 26, 2019, Defendant filed a motion to reconsider sentence; the trial court denied the motion without a hearing. Defendant filed a motion for appeal on October

---

[1] The record is unclear about the factual basis for this additional charged offense. Possession of contraband on the grounds of a state correctional institution is a violation of La.R.S. 14:402(B). Because the State later dismissed this charge against Defendant, there is no need to expound on this charged offense.

[2] In 2010 La. Acts No. 815, § 1, the Legislature increased the maximum sentence in La.R.S. 14:95.1 from fifteen to twenty years.

2, 2019, and that, too, was denied. Thereafter, on July 13, 2020, the trial court granted Defendant's second motion for appeal seeking a review of the resentencing.

Defendant is now before this court alleging that the trial court failed to state an adequate basis for the twenty-year maximum sentence of incarceration it imposed; thus, he argues his sentence is unconstitutionally harsh and excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent involving the sentence imposed.

Under the sentencing provision of La.R.S. 14:95.1(B), the trial court was required to impose a fine of not less than one thousand dollars nor more than five thousand dollars for Defendant's conviction of possession of a firearm by a convicted felon. The trial court failed to impose the mandatory fine, rendering the sentence for possession of a firearm by a convicted felon illegally lenient. This court has noted in previous opinions that if the trial court imposed an illegally lenient sentence, we would not correct the error unless the State raised the issue. *State v. Mayfield*, 18-420 (La.App. 3 Cir. 12/6/18), 261 So.3d 101, *writ denied*, 19-46 (La. 5/28/19), 273 So.3d 316; *State v. Aguillard*, 17-798 (La.App. 3 Cir. 4/11/18), 242 So.3d 765, *writ denied*, 18-1207 (La. 3/6/19), 266 So.3d 897; *State v. Goodeaux*, 17-441 (La.App. 3 Cir. 11/2/17), 231 So.3d 124, *writ denied*, 17-2143 (La. 9/14/18), 252 So.3d 488; *State v. Celestine*, 11-1403 (La.App. 3 Cir. 5/30/12), 91 So.3d 573; and *State v. Smith*, 10-830 (La.App. 3 Cir. 2/9/11), 58 So.3d 964, *writ denied*, 11-503 (La. 9/30/11), 71 So.3d 279; *see also*, *State v. Brown*, 19-771, p. 2 (La. 10/14/20), 302 So.3d 1109, 1110 (per curiam), where the supreme court stated the following in dicta:

3

Furthermore, the State did not complain on appeal that the sentences were illegally lenient. Therefore, the court of appeal erred in finding as an error patent that they were indeterminate and in vacating them, absent any complaint by the State that the district court failed to apply the mandatory firearms enhancement.

Because the State has not raised the issue of Defendant's illegally lenient sentence, we will not correct Defendant's sentence to impose the mandatory fine.

## DISCUSSION

Defendant alleges the trial court again failed to state an adequate basis for the sentence imposed by not considering the aggravating and mitigating factors set forth in La.Code Crim.P. art. 894.1. Defendant further argues that the sentence of twenty years at hard labor without benefit of probation, parole, or suspension of sentence was unconstitutionally harsh and excessive. Thus, Defendant asks this court to order the imposition of a sentence that is not unconstitutionally excessive, and which takes into consideration the mitigating factors present in this case.

In *State v. Charles*, 270 So.3d at 868-70 (alterations in original), we reviewed the trial court's originally imposed sentence, stating:

> We note . . . that none of the twenty aggravating circumstances enumerated [in La.Code Crim.P. art. 894.1] are present in this case and no other aggravating circumstances were present. Defense counsel also presented mitigating factors that should be considered by the trial court in imposing sentence, including Defendant's mental health issues. The only reasoning articulated by the trial court was:
>
> > You're charged with La.R.S. 14:95.1. Whoever is found guilty of committing the crime of felon in possession of a firearm shall be imprisoned at hard labor for not less than ten years[3] []nor more than twenty (20), without benefit of parole, probation or suspension of sentence. You are a fifth felony offender, which I consider to be a career criminal, and I'm going to sentence you to twenty (20) years without parole, probation or suspension of sentence.

---

[3] Louisiana Revised Statutes 14:95.1(B) has been amended since Defendant's commission of this crime to lower the minimum sentence to five years. *See* 2017 La. Acts No. 281, § 1.

4

> And you have two (2) years post-conviction relief; that's two years from the date this judgment becomes final to appeal anything done today.[4]

This was the full extent of the trial court's remarks concerning sentencing Defendant. The brevity of the trial court's reasons for imposing the maximum sentence provides no insight or ability for this court to review the propriety of the trial court's sentence and does not reflect that the trial court considered the statutory guidelines mandated by La.Code Crim.P art. 894.1.

> La.C.Cr. P. Art. 894.1[D] enumerates aggravating and mitigating factors to be considered by the trial court in imposing sentence, and *requires that the trial judge "state for the record the considerations taken into account and the factual basis thereof in imposing sentence." The purpose of the statute is to afford a reviewing court some insight into the reasoning process of the sentencing judge, so that the propriety of the sentence can be better evaluated.* State v. Price, 403 So.2d 660 (La.1981). The trial judge need not state for the record his consideration of each of the aggravating and mitigating circumstances enumerated in the article. *However, the record must reflect that the judge did consider these guidelines in particularizing the sentence to the defendant.* State v. Quebedeaux, 424 So.2d 1009 (La.1982). The record should reflect that the trial court considered not only the seriousness of the crime and the defendant's criminal history, but also the defendant's personal history (age, mental status, dependents, family ties, employment record, emotional and physical health), and his potential for rehabilitation. *State v. Quebedeaux*, supra; *State v. Jones*, 398 So.2d 1049 (La.1981). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. *State v. Ray*, 423 So.2d 116 (La.1982).

*State v. See*, 462 So.2d 1369, 1372 (La.App. 3 Cir. 1985), *writ denied, writ granted in part, judgment set aside in part*, 467 So.2d 525 (La.1985) (emphasis added).

[This court] has also said:

> It is not necessary for the trial court to articulate every factor presented in Art. 894.1, but the record must reflect

---

[4] This court has seen similar admonishments as required by La.Crim.Code art. 930.8 and has not viewed it either as insufficient or as an error patent. *See State v. Turner*, 12-668 (La.App. 3 Cir. 12/5/12), 103 So.3d 1258 and *State v. Mundy*, 11-1000 (La.App. 3 Cir. 4/4/12), 87 So.3d 300.

that the trial court adequately considered them in particularizing the sentence to the defendant. *State v. Cottingin*, 476 So.2d 1184 (La.App 3 Cir.1985). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. *State v. Smith*, 426 So.2d 738 (La.App. 3 Cir.1983). Failure to adequately comply with Art. 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing *if the record illumines and supports the sentencing choice. State v. Jones*, 478 So.2d 764 (La.App. 3 Cir.1985).

The trial judge did not adequately comply with La.C.Cr.P. art. 894.1. . . .

. . . [I]n this case, the record indicates a pre-sentence investigation was performed, but the only information the trial court appears to have employed in making its decision is that over the course of Defendant's lifetime he was a five-time felony offender. But it is important to consider the fact that Defendant's first offense was in 1989, some twenty-eight years prior to the imposition of the current sentence. Two prior convictions date back to 1990, and Defendant ended his parole time for those offenses in 1996. Defendant was convicted of being a felon in possession of a firearm in 1995, released on parole in 2006, but his parole was revoked in 2008. The predicate offense upon which Defendant's current conviction for possession of a firearm by a convicted felon was a conviction for possession of cocaine in April 2007, for which he was sentenced to four years at hard labor. When Defendant was convicted on the felon in possession of a firearm charge in 2017, his previous offense was ten years old. We find the record does not "reflect that the judge did consider the [guidelines provided in La.Code Crim.P. art. 894.1] in particularizing the sentence to the defendant[.]" *State v. See*, 462 So.2d at 1372. We are therefore unable to fully evaluate the propriety of the sentence imposed.

For the reasons stated we vacate Defendant's sentence and remand for further proceedings consistent with this opinion.

On remand to the trial court, Defendant and the State made an appearance on the record on August 22, 2019. Defense counsel detailed the aggravating and mitigating circumstances and noted that, except for Defendant's previous criminal history, none of the aggravating circumstances applied in this case. As to mitigating circumstances, counsel for Defendant referenced the testimony of Defendant's father about Defendant's mental health issues, the gap in time from the previous felony

6

convictions, and the programs Defendant completed since he was incarcerated. Defense counsel then asserted that a maximum sentence was improper in this case. The State then noted Defendant's criminal record, stating "he definitely deserves a sentence on the upper end of the sentencing scale."

After hearing from both defense counsel and the State, the trial court stated:

> Well, just for the record, I have evaluated all circumstances, all aggravating and mitigating circumstances in this matter. And the fact that with his extensive criminal history, to me still warrants a twenty-year sentence.

> Just for the record, I have considered all those facets, and based on the fact that he's a convicted felon walking around with a firearm in a very intoxicated state in the city of Rayne concerns me a great deal.

> So, I will sentence him to the twenty years. And I've already advised him of his post-conviction relief[5] . . . .

> . . . So, [the sentence is] twenty (20) years hard labor without benefit of parole, probation[,] or suspension of sentence, with no fine.

After the trial court resentenced Defendant, counsel for Defendant objected to the sentence. A Motion to Reconsider Sentence was filed on September 26, 2019, asserting the trial court again failed to consider aggravating and mitigating factors and that the sentence was unconstitutionally excessive. That same day the trial court denied the motion for reconsideration without a hearing.

In his current appeal, Defendant asserts the trial court failed to state an adequate basis for the sentence imposed, and the sentence of twenty years at hard

---

5 Although this court has not addressed the issue, the second and fifth circuit courts of appeal have held that a defendant does not have to be readvised of the La.Code Crim.P. art. 930.8 time limitation regarding post-conviction relief at resentencing. *State v. Smith*, 18-131 (La.App. 5 Cir. 10/17/18), 258 So.3d 973, *writ denied*, 18-1959 (La. 4/15/19), 267 So.3d 1123; *State v. Griffin*, 51,506 (La.App. 2 Cir. 9/1/17), 243 So.3d 1205, *writ denied*, 17-1687 (La. 5/18/18), 242 So.3d 1226. Moreover, our supreme court has held that the admonishment of La.Code Crim.P. art. 930.8 that the trial court inform the defendant of the time limitations is "supplicatory" and does not bestow an enforceable right upon a defendant. *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, *abrogated on other grounds by State ex rel. Olivieri v. State*, 00-172, 00-1767 (La. 2/21/01), 779 So.2d 735, *certs denied*, 533 U.S. 936, 121 S.Ct. 2566 (2001), and 534 U.S. 892, 122 S.Ct. 208 (2001).

labor without benefit of probation, parole, or suspension of sentence was unconstitutionally harsh and excessive. Defendant notes the trial court failed to indicate what factors, absent prior convictions and that he had a gun in his possession, had been considered in the imposition of sentence. Further, Defendant argues the trial court used an incorrect factual situation to form the basis of the sentence. Defendant notes the trial court said Defendant was "walking around" armed; in actuality, the record shows he was on his front porch when the police approached him, and the jacket with the gun inside had been removed from his person. Defendant then highlights several mitigating factors the trial court failed to consider: (1) Defendant did not cause or threaten harm; (2) the majority of his prior convictions dated from the 1990s or earlier, meaning there were substantial periods during which no felony convictions occurred; (3) imprisonment would be an excessive hardship; (4) Defendant's father's testimony regarding Defendant's mental health issues; (5) completion of several programs through the Department of Corrections for his betterment; and (6) his potential for rehabilitation, in light of his voluntary participation in a drug testing program. By not considering these factors, Defendant argues the trial court has again failed to provide a basis for appellate review of the sentence. In conclusion, Defendant argues the trial court's simple statement that the aggravating and mitigating circumstances have been considered does not provide enough information for this court to determine the factors considered in the trial court's decision-making process. For these reasons, Defendant asserts that the sentence imposed is excessive and does not further the ends of justice. Thus, Defendant asks this court to order the imposition of a sentence that is not unconstitutionally excessive and one which recognizes the mitigating factors present in this case.

The State maintains that the trial court's considerations during sentencing were in accordance with La.Code Crim.P. art. 894.1; thus, it contends there is no need to vacate or remand for resentencing. The State argues that even though the trial court did not list specific aggravating or mitigating factors from La.Code Crim.P. art. 894.1, the court did state that "all aggravating and mitigating circumstances" were considered, thereby complying with La.Code Crim.P. art. 894.1. Furthermore, the State contends the trial court considered another relevant aggravating factor, namely, Defendant's lengthy criminal history. As such, the State insists the trial court's sentence was in conformity with La.Code Crim.P. art. 894.1 and should be affirmed.

Although the following issues were presented within a single assignment of error, we will separately review Defendant's arguments that the trial court failed to properly consider the factors under La.Code Crim.P. art. 894.1 and that the sentence is unconstitutionally excessive under La.Const. art. 1, § 20.

## COMPLIANCE WITH LA.CODE CRIM.P. ART. 894.1

In *State v. Decuir,* 10-1112, pp. 2-3 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 785-86, this court stated:

> In complaining that the trial court erred in failing to particularize her sentence, . . . [defendant] asserts that the trial court did so by failing to set forth a sufficient factual basis for her sentence and failing to give adequate consideration to the guidelines set forth in La.Code Crim.P. art. 894.1.
>
> Louisiana Code of Criminal Procedure Article 894.1 contains a series of factors to be considered by the trial court in sentencing a defendant. In considering these sentencing guidelines, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). However, to comply with La.Code Crim.P. art. 894.1(C), the trial court "need not articulate every circumstance or read through a checklist of items." *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483. Still, the record should establish that the

9

trial court adequately considered the codal guidelines in particularizing a defendant's sentence. *Id.* That is to say, "the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1." *State v. Ellis*, 42,520, p. 23 (La.App. 2 Cir. 9/26/07), 966 So.2d 139, 152, *writ denied*, 07-2190 (La. 4/4/08), 978 So.2d 325.

> The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La.1983); *State v. Dallas*, 36,397 (La.App. 2d Cir. 11/6/02), 830 So.2d 1113. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So.2d 1049 (La.1981); *State v. Strange*, 28,466 (La.App.2d Cir. 6/26/96), 677 So.2d 587; *State v. Hudgins*, [519 So.2d 400 (La.App. 2d Cir. 1988), *writ denied*, 521 So.2d 1143 (1988)].

*State v. Scott*, 36,763, p. 3 (La.App. 2 Cir. 1/29/03), 836 So.2d 1180, 1182. However, "[t]here is no requirement that specific matters be given any particular weight at sentencing." *Ellis*, 966 So.2d at 153.

Despite the mandates of La.Code Crim.P. art. 894.1, our courts have held that:

> [F]ailure to comply with article 894.1 does not automatically render a sentence invalid. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La.C.Cr.P. art. 894.1. *State v. Delaughter*, 29,974 (La.App.2d Cir.12/10/97), 703 So.2d 1364, *writ denied*, 98-0018 (La. 5/1/98), 805 So.2d 201, 1998 WL 234691. The question is whether the record presented is sufficient to demonstrate that the trial court did not abuse its discretion. *State v. Davis*, 448 So.2d 645 (La.1984).

*State v. Smith*, 34,325, p. 2 (La.App. 2 Cir. 12/20/00), 775 So.2d 640, 642. Sentences also will not be overturned for failure to comply with statutory guidelines where the sentencing court implicitly considered the factors set forth in La.Code Crim.P. art. 894.1. *State v. Thibodeaux*, 502 So.2d 296, 298 (La.App. 3 Cir.), *writ denied*, 505 So. 2d 1140 (La.1987).

After carefully reviewing the record, we find the trial court implicitly considered the statutory guidelines set forth in La.Code Crim.P. art 894.1 when it stated for the record:

> I have evaluated all circumstances, all aggravating and mitigating circumstances in this matter. And the fact that with his extensive criminal history, to me still warrants a twenty-year sentence.
>
> Just for the record, I have considered all those facets, and based on the fact that he's a convicted felon walking around with a firearm in a very intoxicated state in the city of Rayne concerns me a great deal.

Furthermore, we observe that during the initial sentencing hearing, there was lay witness testimony about Defendant's mental illness and depression which was suggestive of a potentially mitigating circumstance. Additionally, at both the original sentencing hearing and the most recent sentencing hearing, Defendant's extensive criminal history troubled the trial court. As noted in *Decuir*, 61 So.3d 782, the trial court is not required to list every aggravating or mitigating circumstance, and the important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. By focusing on Defendant's extensive criminal history and allowing Defendant to introduce documents showing Defendant completed programs which suggested rehabilitation, the trial court considered two of the important elements necessary to establish an adequate factual basis for the sentence. Additionally, the trial court was made aware that Defendant was born on February 20, 1970, lived with his aunt, and has two children. Furthermore, at the original sentencing hearing, the trial court allowed defense counsel to introduce and articulate each applicable aggravating and mitigating factor on the record, which counsel again brought to the trial court's attention during the most recent sentencing hearing. Finally, the trial court stated

11

that it had considered all the aggravating and mitigating circumstances contained in La.Code Crim.P. art. 894.1.

Before ending this discussion, although the trial court expressed concern that Defendant was intoxicated at the time of his arrest, we acknowledge there was no forensic evidence of this intoxication in the record. Notwithstanding, the trial court heard from the arresting officers that Defendant started removing his clothing in the street when he was notified of his arrest on an outstanding warrant and would have continued had they not intervened. Certainly, such behavior by an armed Defendant, a person who was forty-five years of age at the time of his arrest, was out of the ordinary and was properly considered by the trial court in its determination of Defendant's sentence.

After our thorough review of the record, we cannot state the trial court failed to comply with the sentencing guidelines when it fashioned this twenty-year sentence for this Defendant.

## EXCESSIVE SENTENCE

Defendant also argues that his twenty-year sentence at hard labor without benefit of probation, parole, or suspension of sentence is unconstitutionally excessive. Regarding appellate review of an excessive sentence claim, this court in *State v. Soileau*, 13-772, pp. 3-4 (La.App. 3 Cir. 2/12/14), 153 So.3d 1008, 1011, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261, stated:

> Both the United States and Louisiana constitutions guarantee that no person shall be subject to cruel and unusual punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. A sentence is excessive when a reviewing court finds that the penalty is "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808

12

So.2d 331. The trial court has broad sentencing discretion, and a sentence within statutory limits will not be set aside absent a manifest abuse of that discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La.6/30/00), 765 So.2d 1067. However, sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979).

In reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 [*writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183], (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958 [, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

Finally, the only relevant question to consider on appellate review is not whether another sentence would be more appropriate but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 674 So.2d 957.

As observed in *State v. Lisotta*, 726 So.2d 57, a reviewing court should consider three things: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentences imposed for similar crimes.

The first prong of the *Lisotta* analysis requires consideration of the nature of the offense. Although in the present case the offense obviously involves a firearm, we observe that even though Defendant exhibited bizarre behavior at the time of his arrest, Defendant did not brandish the weapon in front of the police officers.

The second prong of the *Lisotta* analysis requires an examination of the nature of the offender. Our careful review of the record shows that over the course of Defendant's lifetime of forty-five years, he was a five-time felony offender. He was convicted of simple burglary in 1989 and sentenced to serve three years, but that sentence was suspended. In 1990, he was convicted of carnal knowledge of a juvenile and sentenced to serve three years. Also, in 1990, he was convicted of simple escape and sentenced to serve two years. His parole was revoked in 1994. He was released on parole again in 1995, but it was later revoked in 1996. In 1995, he was convicted of possession of a firearm by a convicted felon and sentenced to serve ten years. In 2007, he was convicted of possession of cocaine and sentenced to serve four years. Then, the present case occurred in 2015 when Defendant was convicted of possession of a firearm by a convicted felon, and he was sentenced to twenty years hard labor. The record demonstrates that the trial court considered Defendant's nature and criminal history and allowed Defendant to introduce documents which suggested his rehabilitation, before announcing its choice of sentence. Our review of the record shows the trial court was made aware of potentially mitigating factors concerning Defendant. Nevertheless, considering Defendant's lengthy criminal history, including a prior conviction and incarceration for possession of a firearm by a felon, the trial court ordered the maximum sentence.

Sentences imposed for similar crimes are analyzed under the third prong of *Lisotta*.

Generally, maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Delaughter*, 29,974 (La.App. 2 Cir. 12/10/97), 703 So.2d 1364, *writ denied*, 98-18 (La. 5/1/98), 805 So.2d 201, *abrogated in part on other grounds by State ex rel. Olivieri v. State*, 00-172, 00-1767 (La. 2/21/01), 779 So.2d

14

735, *certs denied*, 533 U.S. 936, 121 S.Ct. 2566 (2001) and 534 U.S. 892, 122 S.Ct. 208 (2001). Our review of comparative cases reveals that similar sentences to Defendant's have been imposed for similar cases and offenders.

In *State v. Jones*, 01-539 (La.App. 3 Cir. 10/31/01), 799 So.2d 772, *writ denied*, 01-3310 (La. 12/13/02), 831 So.2d 975, the defendant argued his maximum sentence for possession of a firearm by a felon, fifteen years at hard labor without benefit of probation, parole, or suspension of sentence, the maximum sentence at that time, and the minimum fine of $1,000.00, was excessive. The trial court noted defendant had seven previous convictions, five of which were felonies; found there was an undue risk of defendant committing a crime if not incarcerated; noted the defendant had no remorse; and that a lesser sentence would deprecate the seriousness of the crime. This court found no error in the sentence, considering defendant's five prior felony convictions and the nature of his latest conviction.

In *State v. Caffrey*, 08-717 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, *writ denied*, 09-1305 (La. 2/5/10), 27 So.3d 297, the defendant was sentenced to fifteen years at hard labor without the benefit of parole, probation, or suspension of sentence, the maximum sentence at that time, for possessing a firearm as a convicted felon. The defendant argued that he was not the worst type of offender and that he only had one prior conviction for possession of cocaine. In denying reconsideration of the sentence, the trial court noted the gun in question was fully loaded, defendant had a "less than cooperative attitude" throughout trial and sentencing, and defendant was "less than remorseful with regard to his actions." *Id.* at 204. The fifth circuit found that the sentence was not constitutionally excessive, taking into account the defendant's prior conviction for possession of cocaine and his guilty pleas to

15

possession of cocaine and possession of marijuana on the same date that he pled guilty to being a felon in possession of a firearm.

In *State v. Warmack*, 07-311 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, the fifth circuit upheld a fifteen-year sentence, again the maximum sentence at that time, for the defendant's possession of a firearm by a convicted felon. The defendant had three prior convictions for various drug offenses. Additionally, the defendant ran from the police, and the gun he possessed was fully loaded.

In *State v. Contreras,* 17-735 (La.App. 4 Cir. 5/30/18), 247 So.3d 858, *writ denied*, 18-1172 (La. 12/17/18), 259 So.3d 341, the defendant received a twenty-year sentence without benefit of probation, parole, or suspension of sentence, plus a $1,000.00 fine for possession of a firearm by a convicted felon. The defendant claimed the sentence was excessive. In a footnote, the fourth circuit stated:

> Because the statutory maximum changed in 2011 from fifteen years to twenty years, there is a lack of jurisprudence where the defendant was sentenced to the maximum of twenty years but considerable case law [exists] upholding the maximum sentence of fifteen years for felon in possession of a firearm where the defendant has prior convictions. *See State v. Crawford*, 2003-1494 (La. App. 5 Cir. 04/27/04), 873 So.2d 768 (the defendant had previous convictions for crimes of violence and a propensity for recidivism, and thus the trial judge did not abuse his discretion in imposing the maximum sentence on the defendant); *State v. Taylor*, 2004-689 (La. App. 5 Cir. 12/14/04), 892 So.2d 78 (the defendant had numerous felony convictions and the trial court did not abuse its discretion in imposing the maximum fifteen-year sentence).

*Id.* at 872 n.6. The fourth circuit concluded that this defendant's maximum sentence was not excessive.

In *State v. Abram*, 32,627 (La.App. 2 Cir. 10/27/99), 743 So.2d 895, 903, *writ denied*, 00-121 (La. 9/29/00), 769 So.2d 549, the defendant received a fifteen-year sentence, the maximum sentence then available, for possession of a firearm by a convicted felon. The trial court noted that the defendant had amassed an extensive

criminal record. Upon reviewing the defendant's lengthy criminal history, the trial court felt that any lesser sentence would deprecate the seriousness of the offense. The second circuit found that in consideration of defendant's criminal history, the defendant's sentence was not an abuse of the trial court's discretion and did not shock the court's sense of justice.

In the present case, the trial court was deeply troubled by Defendant's lengthy criminal history and imposed the maximum sentence. The record shows that Defendant had earlier received a ten-year sentence for possession of a firearm by a convicted felon and, as the evidence showed, the revolver in Defendant's possession had two spent rounds and a loaded round in the chamber. After reviewing the record, we find this sentence is consistent with other cases where the maximum sentence was imposed based on a defendant's criminal history. Furthermore, the record indicates the trial court was aware of all sentencing factors, mitigating and aggravating, present in the instant case, and the record supports the sentence imposed. Thus, having reviewed the record and the sentences imposed for similar offenses, we find Defendant's sentence is not unconstitutionally excessive and that the trial court did not abuse its discretion.


## DISPOSITION

In conclusion, we find Defendant's sentence is not unconstitutionally excessive and that, after review of the record, it cannot be said the trial court failed to take adequate notice of the factors set forth in the sentencing guidelines of La.Code Crim.P. art. 894.1 when it fashioned this twenty-year sentence for this Defendant. Therefore, we affirm Defendant's sentence.

17

**AFFIRMED.**